## BUD WADE v. THE STATE.

### No. 4069. Decided February 26, 1908.

**Local Option—Indictment—Amendment.**

Where upon trial for a violation of the local option law, the indictment alleged the particular election, and the publication in the newspaper under it, the State would be confined to proof of said election, and it was a matter of substance that could not be stricken out under article 587, Code Criminal Procedure, as an amendment, and it was reversible error to do so.

Appeal from the County Court of Montague. Tried below before the Hon. George S. March.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $30 and twenty days confinement in the county jail.

The opinion states the case.

*Graham & Williams,* for appellant.—Cited cases in opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted for violating the local option law, the punishment assessed being a fine of $30 and twenty days confinement in the county jail.

When the case was called for trial, the State moved to amend the indictment preferred by the grand jury by striking out the following portion of said indictment: "In the issues of said papers of the dates which read 'April 1, 1904; April 8, 1904; April 15, 1904; April 22, 1904, and on the 1st day of May, 1904,' State moves that said part be stricken out of said indictment because it is surplusage and alleges matters immaterial to this cause. (Signed) C. F. Spencer, County Attorney, Montague County, Texas." This was resisted by appellant. The motion to strike out the above clause in the indictment was sustained, and the said indictment was amended and thereafter in this connection made to read, as follows: "For four successive weeks which paper was selected by the county judge of said Montague County, as

the paper in which to publish said order." The court erred in sustaining the motion to strike out said portion of the indictment and amend it as requested by the State's counsel. No indictment can be amended as to matter of substance after presentment by the grand jury. Said pleading could only be amended as to matter of form before announcement of ready for trial. Article 587 of the Code of Criminal Procedure is, as follows: "Any matter of form in an indictment or information may be amended at any time before an announcement of ready for trial upon the merits, by both parties, but not afterward. No matter of substance can be amended." It has been held formal matters in an indictment, subject to amendment, are those mentioned in the second and third subdivisions of article 439, Code Criminal Procedure, and as to such amendments they must be made before announcement of ready for trial. The second and third subdivisions of said article 439 are as follows: (2) "It must appear therefrom that the same was presented in the district court of the county where the grand jury is in · session." (3) "It must appear to be the act of a grand jury of the proper county." It has been also held that the constitutional and statutory provisions with regard to the commencement and conclusion of indictments are matters of substance as well as of form, and that an indictment or information cannot be amended so as to cure defects in the commencement or conclusion. See Durst v. State, 7 Texas, 74; State v. Sims, 43 Texas, 521; Holden v. State, 1 Texas Crim. App., 225; Cox v. State, 8 Texas Crim. App., 254; and Saine v. State, 14 Texas Crim App., 144. It has been further held that the venue of an offense is a matter of substance and not amendable. See Collins v. State, 6 Texas Crim. App., 647; Robins v. State, 9 Texas Crim. App., 666; Orr v. State, 25 Texas Crim. App., 453; Smith v. State, 25 Texas Crim. App., 454; Lawson v. State, 13 Texas Crim. App., 83. The time and commission of an offense is a matter of substance and cannot be amended. Sanders v. State, 26 Texas, 119; Drummond v. State, 4 Texas Crim. App., 150; Goddard v. State, 14 Texas Crim. App., 566; Huff v. State, 23 Texas Crim. App., 291. See also Calvin v. State, 25 Texas, 789. When the defect in an indictment is of substance, the indictment is not amendable, and the prosecution will be dismissed. Edwards v. State, 10 Texas Crim. App., 25.

It has also been held that descriptive averments whether unnecessarily particular or minute, cannot be disregarded in proving up a case. For instance, it is not necessary to allege the color of an animal or some particularity about the animal which peculiarly identifies it; yet, if the allegation is made it must be proved or the prosecution fails in its testimony. This question of requiring the State to prove the particular unnecessary description is so familiarly known to the profession and to the jurisprudence that we deem it unnecessary to cite authorities. It was unnecessary in this case to have set out the particular dates of the issue of the paper in which the publication of the order of the commissioners court was published, but the grand jury having done so, it

was beyond the power and province of the court to amend the indictment by eliminating it. It specified the particular election, the result of which was being published, and the prosecution having thus elected to prosecute under that particular election, it will be confined in its elements to such election. See Massie v. State, decided at the present term; and Weathered v. State, 1 Texas Ct. Rep., 655. Had the indictment alleged generally that the publication had been had for four successive weeks, without specifying the dates of the publication and the year of the election, proof of either valid election under the Massie case would have been sufficient. But in this case, the State having specified this particular election and the publication in the newspaper under it, the State would be confined to said election, and having alleged it in the indictment, it becomes a matter of substance, descriptive in its nature, and could not be altered or changed by the court. Otherwise, we would have what purports to be an indictment different entirely from that actually preferred by the grand jury, and which would constitute it no indictment at all. As the indictment comes from the grand jury, in matters of substance, it must constitute the pleading required by the Constitution and laws of the State, and cannot be changed, altered or amended. Taking this view of the case, it is unnecessary to go into a discussion of the other questions.

The judgment is reversed and the prosecution is ordered dismissed.

*Reversed and dismissed.*