### ED. C. DUTY v. THE STATE.

#### No. 4046.   Decided December 2, 1908.

**1.—Perjury—Indictment—Amendment.**

Upon trial for perjury where all the averments in the indictment were quashed except one, the indictment containing only one count, the remainder of it should have been quashed after material parts thereof had been eliminated. Following Wade v. State, 52 Texas Crim. Rep., 619.

**2.—Same—Motion in Arrest of Judgment.**

Where upon trial for perjury material parts of the indictment were quashed and only one allegation left remaining, there being but one count which no longer presented the act of the grand jury as presented by them, a motion in arrest of judgment should have been sustained. Following Calvin v. State, 25 Texas, 789.

Appeal from the District Court of McLennan. Tried below before the Honorable Richard I. Munroe.

Appeal from a conviction of perjury; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

*J. T. Sluder* and *R. L. Neal,* for appellant.—On question of insufficiency of indictment: McVicker v. State, 52 Texas Crim. Rep., 508, 107 S. W. Rep., 834; McCoy v. State, 43 Texas Crim. Rep., 606, 68 S. W. Rep., 686; Martinez v. State, 7 Texas Crim. App., 394.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of perjury, his punishment being assessed at seven years in the penitentiary.

The indictment contains several averments setting up or alleging the crime of perjury. Motion was made to quash, and in part sustained and in part overruled by the court. Without copying the averments upon which perjury was predicated, it is sufficient to state in a general way that it was alleged that appellant was passing a certain point at a certain hour of the night and saw Phelan standing in the door of a saloon; that Phelan turned back and used some rather insulting remarks and a shot was fired by which Phelan

was killed, and that appellant was standing in front or just passing the door when these things occurred. All the averments in the indictment were quashed except that which alleged perjury upon a statement that he was passing the door or was about in front of the door of the house in which the killing occurred.

Without going into a discussion as to whether or not the false statement, if it was false, that appellant was passing along the sidewalk in front of the saloon where Phelan was killed was material, we have the question presented, under the motion to quash, whether or not a material portion of one count in an indictment can be quashed, leaving the remainder of the allegation intact. Under the authorities, we answer this in the negative. In Wade v. State, 52 Texas Crim. Rep., 619, an analogous if not practically the same question was presented. In that case the State moved to erase from the indictment, or amend it, so as to eliminate the following clause, and insert another, to wit: "In the issues of said papers of the dates which read, 'April 1, 1904; April 8, 1904; April 15, 1904; April 22, 1904, and on the first day of May, 1904.'" This motion was sustained by the court and the following expression or averment permitted to be inserted: "For four successive weeks which paper was selected by the county judge of said Montague County, as the paper in which to publish said order." That case was reversed because of this amendment or change in the indictment. This indictment was the act of a grand jury; and as presented by the grand jury, the party so presented in the indictment must be tried. No matter of substance can be amended or changed from the manner in which presented by the grand jury. This is made so by the statute and would be so even without a statute. It is an act of a grand jury and after the indictment is presented the party thereby indicted must be tried. Had appellant been indicted in separate counts setting up these various matters in different counties, one of the counts might be quashed and the remaining counts left; but the proposition here is that an indictment containing only one count can not be in part eliminated and the remainder left upon which the accused shall be tried. To the same effect is the Wade case, supra, Edwards v. State, 10 Texas Crim. App., 25; Collins v. State, 6 Texas Crim. App., 647; Drummond v. State, 4 Texas Crim. App., 150; Huff v. State, 23 Texas Crim. App., 291; Dickson v. State, 5 Am. Crim. Rep., 297. In Calvin v. State, 25 Texas, 789, the Supreme Court of this State, speaking through Judge Bell, held that this character of proceeding was not warranted. The indictment in Calvin's case was, by agreement of the attorneys upon both sides, amended "by striking out, after the name Vina, in the twenty-second line from the top of the page, the following words, 'the property of the heirs of the said Robert Smith, deceased.'" Motion was made in arrest of judgment which was overruled and the question presented for review of the Supreme Court. The motion in arrest of judgment brought the

whole question before the court. The court said: "We are of opinion that the alteration of the indictment in this case was contrary to law, and that the indictment as altered could not support a conviction. The words which were erased from the indictment were words of substance. It is true, there was a second count in the indictment which might have been good to support a conviction, although the words which were erased had never been contained in the first count, and it may be that the first count would have been good in itself if it had never contained the words which were erased. But these words having been placed in the first count became words of substance by being put there. No conviction could have been had on the first count with those words in it, without proof of the fact asserted by those words. The question is not, therefore, concerning the sufficiency of the indictment, without the erased words, to support the conviction, nor is it a questions of good and bad counts in an indictment. The question is whether or not the counsel or the district attorney, and the prisoner, or even the court can make an alteration in an indictment in a material respect. We think not. The indictment is the sworn declaration of the grand jury, and what they in substance 'do say' must stand as they have said it. The law prescribes the extent to which their finding may be amended. The amendments which are allowed relate to matters of form only, and to the name of the party who is accused. There can be no amendment as to any declaration of a fact by the grand jury. If there can be no amendment of matter of substance by the court, a fortiori there can be no alteration of the indictment as to matter of substance by agreement between the district attorney and the counsel for the prisoner." In that case as in this, the motion in arrest of judgment was proper because the indictment which was found by the grand jury had undergone serious changes and alterations and would, therefore, not afford the basis of a conviction, though it may have been a good and sufficient indictment before the alteration. The court in sustaining the motion to quash should have sustained the motion as against the entire indictment, or have overruled it, and having eliminated a portion of the count in the indictment by the motion to quash, he should have set aside the conviction on the motion in arrest of judgment. The indictment upon which appellant was tried was not the act of a grand jury, but it was one changed by the ruling of the court and presented an entirely different pleading. The appellant, it is true, made the motion to quash in the original instance, but that motion was directed at the entire count in the indictment. It was overruled by the court over the protest of appellant. He again renewed his motion in arrest of the judgment and again met with a refusal to sustain his motion. The action of the court in eliminating the averments on the motion to quash so changed the entire indictment, that it was no longer the act of the grand jury. The appellant was tried upon a pleading and an indict-

ment not authorized by the grand jury and not presented by it. As we understand the law to be, this is fatal to the conviction and fatal to the case.

The judgment is therefore reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*