SAM BROUGHTON v. THE STATE.

No. 2703. Decided November 5, 1913.

**1.—Carrying Pistol—Amendment—Information—Complaint—Date.**

The date of the offense alleged in the information is a matter of substance and can not be amended either by the court or the county attorney, and the correct practice is to quash the information and file a new one.

**2.—Same—Case Stated.**

Where the case had proceeded to trial and the county attorney, with the permission of the court, amended the information so as to make the date of the offense to correspond with that in the complaint, the same was reversible error.

Appeal from the County Court of Smith. Tried below before the Hon. Jesse F. Odom.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of carrying a pistol, his punishment being assessed at a fine of $100.

After the case had proceeded to trial, and the jury empaneled and sworn, the county attorney was reading the information to the jury and he discovered the fact that there was a variance as to the time alleged in the information and that set forth in the complaint. The information charged the offense to have been committed in December, 1913, whereas the complaint charged it in December, 1912. With the permission of the court the county attorney amended the information so as to make the date correspond with that in the complaint, to wit: December, 1912. This was all verbal. There was no motion entered, and no judgment entered of record, and no steps taken, but he requested the court's permission to do so, and the court granted it. The court qualified the bill of exceptions by stating the defendant and his counsel did not object; in other words, they remained silent. The bill recites that the defendant did not consent, nor did his attorneys. The court says when the county attorney moved for permission to amend the information he granted it. The court thereupon, without any objection being offered on the part of defendant or his attorneys, granted the motion on the part of the State, and the county attorney thereupon proceeded to and did amend said information in accordance with the order of the court. Motion in arrest of judgment was made upon this ground, and these matters are all shown by bills of exceptions qualified, as stated, by the court. So far as we are aware under all the authorities this was error. See Williams v. State, 34 Texas Crim. Rep., 100; Wade v. State, 52 Texas Crim. Rep., 619, for a collation of Texas

cases; Edwards v. State, 10 Texas Crim. App., 25; Branch's Crim. Law, sec. 894; White's Ann. C. C. P., sec. 386. The date is a matter of substance and can not be amended either by the court, or by the county attorney. If the county attorney upon discovering his information was at variance with the complaint he should have taken the necessary steps to quash the information, and discharged the jury, and if·he purposed to use his original complaint, he should have filed another information in accordance with the allegation of the complaint. We do not purpose to review these matters; they have been reviewed time and time again, and various cases cited. This matter was such error as requires a reversal of the judgment, and it is· accordingly so reversed and the cause remanded.

*Reversed and remanded.*