**Irene June POLK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44617.**

Court of Criminal Appeals of Texas.

Feb. 23, 1972.

◆

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., and Harry J. Schulz, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of robbery by assault; punishment was assessed by a jury at twenty-three years.

Appellant brings forth the sufficiency of the evidence and refusal of the trial court to order the production of grand jury testimony as grounds of error.

Nolan Holmes testified that on October 25, 1969, he received his pay check and went to downtown Dallas and paid some bills. Later that evening he went to Clark's Cafe where he met the appellant. After some conversation, a little drinking, and some negotiations, they arranged to leave the cafe to fulfill a "date". They departed the cafe and were picked up by Cassandra Bennett who had the use of an automobile. The three of them went to a nearby service station where Holmes purchased some gasoline for the automobile. They then returned to Clark's where the owner of the automobile, Alvin Sorrells, also known as "Trouble", was picked up. The four then proceeded to ride around trying to decide whether to go to a motel, to Holmes' house or Cassandra Bennett's house. One stop was made at a drug store where some cigarettes, cashew nuts, and

**331**

either a syringe or some "contact medicine" were purchased, all being paid for by Holmes. Sometime after midnight, it was decided to go to Cassandra Bennett's house, she preferring that the money for room rent be paid to her instead of to a motel. Holmes agreed to pay her four dollars for the use of a room so that he and the appellant could fulfill the previously arranged contract. Upon arrival at Cassandra Bennett's house, Holmes seated himself on a couch in the living room and proceeded to smoke a cigarette. The appellant and Sorrells went into the kitchen where they began either shooting dope or eating pork chops. Cassandra Bennett went into the bedroom and very shortly returned to the living room, completely nude, and began talking to Holmes. At this time, Holmes disregarded his prior arrangements with the appellant and entered into an agreement with Cassandra Bennett to have a "date"; and they retired to the bedroom and closed the door. After the financial arrangements were completed, Cassandra Bennett got on the bed and Holmes started to undress, when suddenly appellant and Sorrells entered the room. Sorrells pointed a pistol at Holmes and told him, "You aren't going to get nothing but a killing." While the gun was being held on Holmes, the appellant took from him his billfold which contained $64.00. He was also ordered to remove the change from his pocket and put it on a coffee table. In the meantime, Cassandra Bennett dressed, after which the four got into the car and drove to an isolated road in Dallas County where Holmes was ordered from the car. Sorrells held the pistol on Holmes from the time he first pointed it at him in the bedroom until Holmes was ordered out of the car. After being ordered from the car, Holmes walked to a service station and called the police. He testified that he was in fear of his life all the time Sorrells held the pistol on him and that the money was taken from him without his consent and against his will.

We conclude the evidence is sufficient to support the verdict.

The record reflects that on the day of trial appellant filed a motion for the production of grand jury testimony taken in connection with this cause. The said motion stated that such testimony was "essential to the preparation" of the case and "is believed to illustrate" appellant's innocence of the offense. No evidence was offered in support of such motion. In fact, the record is silent as to the existence of such testimony.

 We hold that no "special reason" or "particularized need" for the production of grand jury testimony has been shown. Reed v. State, Tex.Cr.App., 456 S.W.2d 393; Garcia v. State, Tex.Cr.App., 454 S.W.2d 400; Bryant v. State, Tex.Cr.App., 423 S.W.2d 320. See also Lary v. State, Tex.Cr.App., 475 S.W.2d 248.

There being no reversible error, the judgment is affirmed.