Fredrick Lee **HICKS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45057.

Court of Criminal Appeals of Texas.

June 21, 1972.

Rehearing Denied July 28, 1972.

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., and Robert T. Baskett, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of robbery by assault; punishment was assessed by the court at 20 years.

Appellant's first ground of error asserts that "The evidence is insufficient to establish the offense of robbery."

The evidence shows that two Dallas police officers were patrolling in that city on the evening in question and at approximately 10:45 P.M. their police squad car was unable to pass a vehicle that was blocking traffic on a street. They observed the complaining witness alight from that vehicle and remove his wallet from his pocket. The complaining witness took a bill from his wallet, at which time the officers observed the driver of the vehicle snatch the wallet from the complaining witness and a passenger who was seated in

the rear seat of that vehicle strike the complaining witness, knocking him to the ground. The vehicle sped away and the officers pursued it, stopping such vehicle approximately four or five blocks from the location where they observed the incidents heretofore described. The officers arrested the appellant and recovered the complaining witness' wallet from the vehicle.

The complaining witness testified that he asked the appellant and Mitchell to give him a ride home. After getting within the area of his house he told the driver to stop, got out of the vehicle and took his wallet from his pocket to give them a dollar for the ride. He stated that when he "went to give them some money—that's when I got it, the lights went out, I don't know."

Appellant argues that the proof shows theft from the person and not robbery.

In Jones v. State, 467 S.W.2d 453, 454, this court stated:

"It is well settled that to constitute the offense of robbery, there must be actual or threatened violence to the person antecedent to the robbery, or intimidation of such character that the injured party is put in fear. . . .

"The mere snatching of money from another's hand is not robbery, but is theft from the person."

Jones v. State, supra, was reversed by this court because there was no showing that the actual or threatened violence to the victim was prior to the taking of the property in question. Not so in the instant case. The witness in the case at bar did not remember the actual snatching of the purse; therefore, the evidence is sufficient for the jury to conclude that the actual violence to his person was antecedent to the robbery.

Appellant's first ground of error is overruled.

■ Appellant's second ground of error complains of the failure of the trial court to provide him with a transcript of the grand jury proceedings.

Appellant's brief has attempted to point out some inconsistencies between the grand jury testimony and some witnesses' testimony. We were confronted with this same contention in Brown v. State, 475 S.W.2d 938, and therein, as in the case at bar, we fail to see how harm was shown. In Brown v. State, supra, at page 948, this court stated:

"An accused is not ordinarily entitled to the inspection of grand jury minutes or testimony for the purpose of ascertaining evidence in the prosecutor's hands or for the purpose of discovery in general, regardless of whether the request therefor is made before or during trial. Garcia v. State, Tex.Cr.App., 454 S.W.2d 400, 403, and cases there cited.

"The production of the grand jury testimony, of course, lies within the sound discretion of the trial court and the accused may be permitted to inspect such testimony where 'some special reason' exists or where a 'particularized need' is shown so as to outweigh the traditional policy of grand jury secrecy. Garcia v. State, supra; Smith v. State, Tex.Cr.App., 455 S.W.2d 748."

We cannot agree that the inconsistencies, if any, in the instant case were such as to reflect error in the trial court's action in refusing to make the grand jury testimony available for cross-examination. Therefore, we hold that no "special reason" or "particularized need" for the production of such has been shown. See Polk v. State, Tex.Cr.App., 476 S.W.2d 330, and cases cited therein.

Appellant's second ground of error is overruled.

■ By his third ground of error appellant contends that he should have been allowed to "question the state's witnesses in an effort to rebut the state's evidence of flight from the scene of the alleged offense."

The police officers testified that after they witnessed the robbery they began to pursue the fleeing automobile. One of the officers testified that he turned on his light and siren and stopped the vehicle some four or five blocks later.

On cross-examination, defense counsel asked whether the officer had written many traffic tickets and then began to ask: "Have you on occasion in your experience —," whereupon an objection was sustained. Appellant contends that he should have been permitted to show that "The mere fact that these people—allegedly went four blocks is not evidence of any form of flight." We conclude, in light of the testimony as to what the officers had witnessed, that appellant has failed to show the materiality of such cross-examination. Clearly no error is shown.

■ Further, the appellant has not shown what the answer to the question would have been. Therefore, the alleged error is not preserved. Johnson v. State, Tex.Cr.App., 462 S.W.2d 955.

Appellant's third ground of error is overruled.

■ Appellant's fourth ground of error is that: "The trial court erred when it allowed into evidence penitentiary records allegedly pertaining to appellant, Frederick Lee Hicks, when the records are certified to be records of Frederick Lee Hicks but show on their face to relate one Fredrick Hicks."

At the punishment stage of the trial, appellant's prior conviction was proved by the introduction of his papers from the Department of Corrections and by expert testimony that his fingerprints were the same as those on such records. Further, appellant testified in his own behalf and admitted the conviction. No error is

shown. See e. g. Blake v. State, Tex.Cr. App., 468 S.W.2d 400.

Ground of error number four is overruled.

■ Appellant's fifth and final ground of error asserts that "The trial court erred when it refused to permit the defendant to re-call Officer Smith to explain notes on his offense report pertaining to the complainant's sobriety."

The record reflects that after both sides rested, appellant moved the court to allow him to re-call one of the officers to question him concerning why he entered "No" beside the space in his police report which was designated "Sobriety". The officer had testified that the complaining witness had been drinking but he did not form an opinion concerning his state of intoxication or sobriety. The police report in question does not appear in the record.

Article 36.02, Vernon's Ann.C.C.P., provides that:

"The court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears that it is necessary to a due administration of justice."

In Perry v. State, 464 S.W.2d 660, at 662, this court, interpreting this provision, stated:

"The court in its sound discretion can admit evidence at any time before argument closes and such discretion will be reversed only when abused."

No abuse of discretion has been shown by the trial court's ruling herein.

Appellant's fifth ground of error is overruled.

Finding no reversible error, the judgment is affirmed.