**Gary GLASPER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45200.**

Court of Criminal Appeals of Texas.

Oct. 11, 1972.

Rehearing Denied Nov. 22, 1972.

No attorney on appeal for appellant.

Carol S. Vance, Dist Atty., and James C. Brough, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

counter, grabbed at Gray and told him that he wanted his money. The appellant then walked around the other end of the counter and as Gray jumped back, he was grabbed from behind by the appellant. Gray testified that he was in fear of his life and that he kicked "the one in front, and elbowed the one in back," and got away. As Gray ran out of the Drive-In calling for help, both assailants ran out behind him. One of them yelled "Get that M . . . . . F . . . . .! Gray ran to a service station and appellant broke off the chase and fled.[1] Dallas police officers arrived on the scene shortly thereafter and arrested Mead outside the store in a parked car. A cash register taken from the store was found on the front seat of the car.

In Jones v. State, Tex.Cr.App., 467 S. W.2d 453, 454, this court stated:

> "It is well settled that to constitute the offense of robbery, there must be actual or threatened violence to the person antecedent to the robbery, or intimidation of such character that the injured party is put in fear. . . ."

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of robbery by assault; punishment was assessed at 15 years.

Appellant contends that the evidence reflects the offense of theft, not robbery.

The evidence shows that on April 28, 1969, Larry Dean Meaks, James Mead, and the appellant were seated in a car parked at Elmer's Drive-In, Dallas. The appellant and Mead exited the car and entered the Drive-In. Charles Gray, an employee at the Drive-In, was standing behind the counter when Mead walked around the

■ The evidence in the case at bar is sufficient to establish antecedent violence which distinguishes the offense of robbery from that of theft from the person. Hicks v. State, Tex.Cr.App., 482 S.W.2d 186; Jemmerson v. State, Tex.Cr.App., 482 S. W.2d 201; Van Arsdale v. State, 149 Tex. Cr.R. 639, 198 S.W.2d 270.

■ Appellant further argues that since the cash register was taken after the victim fled from the scene, there is not a sufficient "nexus" between the antecedent violence and the parting with the property to constitute robbery by assault. We do not agree.

The fact that the victim was able to break free and run for help prior to the actual taking of the cash register is of no consequence. But for the assault and con-

1. Appellant and Meaks were later apprehended, after swimming across the Trinity River.

**352**

sequential fleeing there would have been no relinquishment of the property. See, Jemmerson v. State, supra; Banks v. State, Tex.Cr.App., 471 S.W.2d 811; Jones v. State, supra.

Finally, appellant contends that "the trial court erred in refusing to declare a mistrial when the prosecutor commented upon a co-indictee's refusal to testify."

Larry Dean Meaks was called as a witness by appellant. He refused to testify by invoking the Fifth Amendment privilege against self-incrimination. Thereafter, on cross-examination of the appellant, the prosecutor made the following comment:

"Okay. Even though he (Meaks) ran and swam the Trinity and came in there and took the Fifth Amendment . . . ."

Appellant's counsel objected to the comment and asked for a mistrial. Both the objection and the motion for mistrial were overruled.

The general rule is that when a witness, other than accused, declines to answer a question on the ground that his answer would tend to incriminate him, that refusal alone cannot be made the basis of any inference by the jury, either favorable to the prosecution or favorable to the defendant. E. g., Beach v. United States, (1890, CC Cal) 46 F. 754, 14 Sawy. 549; United States v. Maloney (CA2 NY) 262 F.2d 535.

The reason for the rule is that, in refusing to answer a question on the ground that the answer would tend to incriminate him, the witness is exercising a constitutional right personal to himself, the exercise of which would neither help nor harm a third person. If no inference of guilt can be indulged against the person who declines to testify, none could be drawn as to the guilt of a co-indictee. Cf. Mathis v. State, Tex.Cr.App., 469 S.W.2d 796; McClure v. State, 95 Tex.Cr.R. 53, 251 S.W. 1099.

This court recognizes that "when a witness claims his privilege, a natural, indeed an almost inevitable, inference arises as to what would have been his answer if he had not refused." United States v. Maloney, supra. In this regard, it is noted that it was the *appellant* who called the witness to testify, and with apparent knowledge that the witness intended to invoke the Fifth Amendment privilege. At this point an inevitable inference arose that had the witness testified, he would have done so in behalf of the appellant. It is further noted, that although the court overruled appellant's objection, the matter was abruptly dropped by the prosecutor. No reversible error is shown.

Appellant's pro se brief has been reviewed and the contentions therein found to be duplicitous. A further discussion of these would be redundant.

The judgment is affirmed.

ONION, P. J., and MORRISON, J., concur in the results.