**Billy Wayne DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50942**

Court of Criminal Appeals of Texas.

Feb. 11, 1976.

W. John Allison, Jr., Dallas, on appeal only, for appellant.

Henry Wade, Dist. Atty., Steve Wilensky and Dan Garrigan, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for aggravated robbery. After the jury returned a verdict of guilty, punishment was assessed by the court at thirty years. The indictment alleged the offense occurred on or about September 26, 1974, and the record reflects that trial was in February, 1975.

In his first two grounds of error, appellant contends that the court erred in failing to quash the indictment because the indictment did not allege that the property taken in the robbery was without effective consent and failed to aver ownership of the property taken in the robbery.

Appellant's position is bottomed on the theory that aggravated robbery is the most aggravated form of theft and in support of this position points to V.T.C.A. Penal Code, Sec. 29.02 defining robbery, which begins by stating, "A person commits an offense if, in the course of committing theft as defined in Chapter 31 . . . ." Appellant reasons that the elements of theft set forth in V.T.C.A. Penal Code, Sec. 31.03 necessarily become elements of the offense of robbery and must be alleged in the indictment.

The decisions of this Court in *Earl v. State*, 514 S.W.2d 273 and *Reese v. State*, 531 S.W.2d 638 (1976)[1] are adverse to appellant's argument. In *Earl* and *Reese*, it was stated:

"Although the proof [in a robbery case] will involve proving up a theft or attempted theft, the elements of the particular theft (see Chapter 31, and specifically Secs. 31.02 and 31.03, V.T.C.A. Penal Code) or attempted theft (see Sec. 15.01, V.T.C.A. Penal Code), need not be alleged in the indictment."

Further, Art. 21.13, V.A.C.C.P. provides:

"An indictment for an act done with intent to commit some other offense may charge in general terms the commission of such act with intent to commit such other offense."

We find no error in the court's failure to quash the indictment for failure of the aggravated robbery indictment to allege certain elements of the offense of theft.

Appellant contends the court erred in permitting the State to amend the indict-

---

1. The indictments in *Earl v. State*, supra, and *Reese v. State*, supra, appear to be identical to the indictment in the instant case. In those cases, it was noted that the indictment was no model and reference was made to exemplary forms in Morrison and Blackwell, New Texas Penal Code Forms, p. 33, Sec. 29.03B, Aggravated Robbery—With a Deadly Weapon; McClung, Jury Charges for Texas Criminal Practice, rev.ed., p. Ind. 19.

ment by striking certain words within the indictment.

The pertinent portion of the indictment before amendment recited that appellant did

"then and there, while in the course of committing theft of one automobile, Four Hundred Fifty Dollars ($450.00) current money of the United States of America, hereinafter called 'the Property' from William T. Miller with intent to obtain and maintain control of the property, and by using and exhibiting a deadly weapon, namely a knife knowingly and intentionally threaten and place William T. Miller in fear of imminent bodily injury and death."

. The record reflects that appellant filed a motion to quash in which it was contended that the indictment was ambiguous in that he was unable to tell whether he was charged with taking an automobile worth $450.00, an automobile and $450.00 in currency or only $450.00 in currency. An order by the court reflects that the "State's motion to strike certain words from the indictment having been granted, Defendant's Motion to Quash is Denied, to which the Defendant excepts." The following was deleted from the indictment, "Four Hundred Fifty Dollars ($450.00) current money of the United States of America."[2]

Appellant urges that the portion stricken from the indictment was a matter of substance and could not be deleted. Article 28.10, V.A.C.C.P. provides:

"Any matter of form in an indictment or information may be amended at any time before an announcement of ready for trial upon the merits by both parties, but not afterward. No matter of substance can be amended."

**2.** The indictment, as amended, reads in part: " . . . while in the course of committing theft of one automobile, ~~Four Hundred Fifty Dollars ($450.00) current money of the United States of America~~, hereinafter called 'the Property' from William T. Miller with intent

It is not contended that the amendment in question did not come before announcements of ready at the trial on its merits.

In *Bowie v. State*, Tex.Cr.App., 401 S.W.2d 829, relied on by appellant, a conviction for burglary was held void where the trial court had reduced an indictment charging burglary of a private residence at night to burglary on the motion of the district attorney. The effect of the trial court's action in granting the district attorney's motion in *Bowie* was to change the offense charged in the indictment since burglary (as defined in Arts. 1389 and 1390, V.A.P.C.) and burglary of a private residence at night (as defined in Art. 1391, V.A.P.C.) are distinct and separate offenses. *Litchfield v. State*, 159 Tex.Cr.R. 5, 259 S.W.2d 228.

When not descriptive of that which is legally essential to the validity of an indictment or information, unnecessary words may be rejected as surplusage. *Collins v. State*, Tex.Cr.App., 500 S.W.2d 168; *Cohen v. State*, Tex.Cr.App., 479 S.W.2d 950; *Malazzo v. State*, 165 Tex.Cr.R. 441, 308 S.W.2d 29.

In *Burrell v. State*, 526 S.W.2d 799, this Court recognized the foregoing rule relative to unnecessary words in an indictment being rejected as surplusage, but noted:

"There is, however, a well recognized exception to the general rule discussed above, and that is where the unnecessary matter is descriptive of that which is legally essential to charge a crime it must be proven as alleged, even though needlessly stated. See 13 Texas Law Review 489 (note); 1 Branch's Ann.P.C., 2d ed., Sec. 518, pp. 491–498, and cases there cited.

"It is well established that where a person, place or thing necessary to be mentioned in the indictment is described with

to obtain and maintain control of the property, and by using and exhibiting a deadly weapon, namely a knife knowingly and intentionally threaten and place William T. Miller in fear of imminent bodily injury and death."

unnecessary particularity, all circumstances of description must be proven, *Smith v. State*, 107 Tex.Cr.R. 511, 298 S.W. 286 (1927), and cannot be rejected as surplusage, for they are thus made essential to the identity. *Maples v. State*, 124 Tex.Cr.R. 478, 63 S.W.2d 855 (1933). Thus, if the pleader makes unnecessary allegations descriptive of the identity of the offense charged, it is incumbent upon the State to establish such allegations by evidence. *McClure v. State*, 163 Tex. Cr.R. 650, 296 S.W.2d 263 (1956)."

In the instant case, it was not necessary for the indictment charging robbery to allege the items taken "while in the course of committing theft." *Earl v. State*, supra. The question then becomes one of whether having alleged the items of property taken it became necessary for the State to prove same.

■ In a robbery prosecution it is not necessary to prove that all the property alleged was taken. Proof that any part thereof was taken is sufficient. *Sirls v. State*, Tex.Cr.App., 511 S.W.2d 55; *Smallwood v. State*, Tex.Cr.App., 464 S.W.2d 846; *Hoover v. State*, Tex.Cr.App., 390 S.W.2d 758. While the foregoing cases were decided under the old Penal Code, we perceive no difference in this respect under the new Penal Code. It follows that in the instant case it was not necessary to prove that both the "automobile" and "Four Hundred Fifty Dollars ($450.00) current money of the United States" were taken. Proof that either was taken would suffice.

Numerous cases are reviewed in *Burrell* which address the subject of what is a matter of form and what is a matter of substance. In the early case of *Wade v. State*, 52 Tex.Cr.R. 619, 108 S.W. 677 (1908), it was stated:

"This question of requiring the state to prove the particular unnecessary description is so familiarly known to the profession and to the jurisprudence that we deem it unnecessary to cite authorities."

In *Wade*, it was held error to amend the indictment by deleting certain dates upon which a court order was published which created the local option law the defendant was charged with violating. In *McDonald v. State*, 138 Tex.Cr.R. 610, 137 S.W.2d 1046 (1940), the amendment to the indictment reduced the State's burden of proof from gross negligence to ordinary negligence and constituted an amendment of substance. In addition, *Burrell* cites numerous cases which hold that an allegation of the *means used* or means by which an assault was committed, though unnecessary, must be proved substantially as alleged. *Arbetter v. State*, 79 Tex.Cr.R. 487, 186 S.W. 769 (1916); *Maxwell v. State*, 66 Tex.Cr.R. 258, 145 S.W. 1190 (1912). *Johnson v. State*, Tex.Cr.App., 384 S.W.2d 885 (1964) held that an indictment for assault with intent to murder need not allege means used or manner of use, but when the words "shoot at" were used in the indictment, such use did not vitiate the indictment, but the State had the burden of proving that allegation. In *Burrell*, this Court concluded that an amendment to an assault to murder a peace officer indictment which allowed the deletion of "with his malice aforethought" and "by shooting with a gun," although unnecessary allegations, were descriptive of the offense, and their deletion from the indictment was an amendment of a matter of substance.

■ The words deleted in the instant case, "Four Hundred Fifty Dollars ($450.00) current money of the United States of America," were not necessary to be alleged, nor was it necessary that such allegation be proved even though such averment appear in the indictment. Under *Sirls v. State*, supra, and *Smallwood v. State*, supra, proof that any part of the property alleged to have been taken in a robbery indictment is sufficient. After the amendment there remained the allegation that one automobile was taken and there is no contention or suggestion that this allegation was not proven. Thus, the distinguishing factor in the instant case from many of the cases

reviewed is that the unnecessary allegation (deleted by amendment) was not required to be proven by the State (even though alleged). Unlike *Bowie v. State*, supra, relied on by appellant, and *McDonald v. State*, supra, discussed in *Burrell*, the offense charged in the instant case was not changed nor was the burden of proof decreased by the deletion. We cannot conclude that the words deleted, "Four Hundred Fifty Dollars ($450.00) current money of the United States of America," can be characterized as descriptive of the offense like the words deleted by amendment in *Burrell*. We find that the deletion of the words in question did not constitute an amendment of substance and that the court did not err in granting such amendment before announcement of ready for trial upon the merits by both parties.

■ Appellant contends that the evidence is insufficient to support the conviction.

William T. Miller testified that on the date in question appellant and another man approached him while he was in his car on Skillman Street "just south of Kingsley Road" in Dallas. The men asked for a ride, Miller agreed, and the two men got in the car, appellant on the passenger's side, the other man in the back. The record reflects the following testimony of Miller relative to the ensuing events:

"A. Well, we had just been driving a short time, probably less than two minutes, when, at a speed of about forty miles an hour when the man in the back seat between us tapped me on the shoulder and pointed down into my lap and this man here [appellant] had a knife pointed into my ribs, my side.

&ast; &ast; &ast; &ast; &ast; &ast;

"A. And said to me, keep cool man and you won't get hurt and then the man in the back of me said keep cool.

&ast; &ast; &ast; &ast; &ast; &ast;

"A. We proceeded south on Skillman and as we were approaching the shopper area there in Skillman and Abrams, the Defendant said turn right on Abrams.

"Q. Okay, did you do that?

"A. Yes.

"Q. What happened when you turned right?

"A. Well, I felt my life was in danger and I realized that I must get out of the car so I made a hard, took the steering wheel and made a hard right with the steering wheel, leaned away from the knife and hit the door handle and fell out of the car."

Miller further testified that he did not consent to the taking of his car and that he ran to call the police immediately after jumping from the vehicle.

The record reflects that appellant was involved in a wreck in Miller's car the following day and upon questioning by the investigating officer appellant stated that he was the owner of the car.

Without citation of authority, appellant urges the evidence was insufficient in that it showed that the taking of the automobile did not occur as the result of the pointing of a knife toward Miller but occurred after Miller jumped out of the vehicle.

In *Glasper v. State*, Tex.Cr.App., 486 S.W.2d 350, it was stated:

"Appellant further argues that since the cash register was taken after the victim fled the scene, there is not a sufficient 'nexus' between the antecedent violence and the parting with the property to constitute robbery by assault. We do not agree.

"The fact that the victim was able to break free and run for help prior to the actual taking of the cash register is of no consequence. But for the assault and consequential fleeing there would have been no relinquishment of the property. [authorities omitted]"

While the conviction in *Glasper* was under the old Penal Code, we find nothing in the robbery sections in the new Penal Code under which appellant was tried which would require a departure from the holding in *Glasper*. See V.T.C.A. Penal Code, Sections 29.02 and 29.03. We find our holding in *Glasper* to be dispositive of appellant's contention.

■ We find the evidence sufficient to support the conviction.

The judgment is affirmed.

Opinion approved by the Court.