# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00516-CR

**Shazizz Mateen, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 155TH DISTRICT COURT OF FAYETTE COUNTY
### NO. 2018R-212, THE HONORABLE JEFF R. STEINHAUSER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Shazizz Mateen, representing himself, challenges his conviction for aggravated assault against a public servant. *See* Tex. Penal Code § 22.02(b)(2)(B). In seven issues, he contends that he is actually and factually innocent of the offense, that the trial court erroneously allowed the State to amend the indictment, that the evidence was not sufficient to support his conviction, that his trial counsel was ineffective, and that the trial court erred by omitting reasonable doubt and presumption of innocence instructions from the jury charge. Based on the analysis below, we affirm the trial court's judgment of conviction.

## BACKGROUND[1]

Sergeant Justin Koehne, with the La Grange Police Department, testified that he had made multiple prior attempts to contact Mateen regarding an outstanding felony arrest

---

[1] We recite only the relevant facts necessary to resolve the presented issues.

warrant for failure to comply with sex offender registration requirements. These attempts included visiting Mateen's residence, which was a room at the Carter Motel. On November 1, 2018, Sergeant Koehne received a report that Mateen was at a Dollar General store near the motel. Sergeant Koehne drove to the store in his marked police car, approached Mateen in the store wearing his police uniform and asked Mateen for his name and identification. Mateen lifted his shirt and began to pull out a large knife and moved towards the Sergeant. In response, Sergeant Koehne tased Mateen. Mateen slashed at Sergeant Koehne with the knife, and cut Sergeant Koehne on two of his fingers. Mateen then fled the store and returned to his room at the Carter Motel. Sergeant Koehne called for assistance and followed Mateen.

Deputy Calvin "C.J." Lehman, a deputy with the Fayette County Sheriff's Department, testified that he was working security at a nearby community event when he heard on his radio that an officer was attempting to serve a warrant at a Dollar General, that an "officer was in trouble," and that the suspect had run to the Carter Motel. When he arrived on the scene at the Carter Motel, he saw that Sergeant Koehne was bleeding from his hand. The officers on the scene created a perimeter around the outside of Mateen's room. Deputy Lehman took possession of the keys to the room and opened the door. He testified that he looked into the room, which was dark, and then he was shot. He fell to the ground and heard multiple shots fired by his fellow deputies and officers that hit the building. He testified that he saw red and felt someone unsuccessfully attempt to drag him to safety. Realizing that no one would be able to carry him, Deputy Lehman crawled based on the directions yelled at him by his fellow deputies and then with help walked away from the scene. He was unable to see and at that point could only see "total black." He was evacuated from the scene by helicopter and taken to the hospital. He underwent an immediate surgery, followed by several additional surgeries, and was left

2

permanently blinded. Body cam footage that was admitted and played for the jury corroborated Deputy Lehman's testimony.

Texas Ranger Brent Barina interviewed Mateen in the hospital after the shooting. The audio of that interview was admitted at trial and played for the jury. In the interview, Mateen admitted to knowing that the officers were law enforcement and that they were attempting to serve an arrest warrant regarding his failure to register as a sex offender. He also admitted to firing his shotgun.

Mateen testified in his own defense. He testified that after attempting to cast a spell on the officer in the Dollar General with a ceremonial knife that was not capable of cutting someone, he was followed by police officers to the front door of his residence at the Carter Motel. From inside his room, he could not see the officers outside but could hear them talking about entering the room. When the door opened, he picked up his shotgun and fired it out the door. He testified that he could not see out the door and was not trying to shoot an officer but was trying to instigate their fire as a form of suicide. He testified that he never shot at any police officer. He explained that he fired the initial shot at the door, which he admitted was open when he fired the shotgun, and described being able to see the sky through the door. He testified that he then presented himself at the door for the officers to shoot him and that he fired three additional shots over the heads of the officers. Mateen also testified that he had not registered as a sex offender because he was actually innocent of the underlying offense of robbery with intent to commit sexual assault.

After hearing all the evidence, the jury convicted Mateen of aggravated assault of a public servant and assessed punishment at life imprisonment. *See* Tex. Penal Code § 12.32 (including life imprisonment in sentencing range for first-degree felony offenses); *id.*

3

§ 22.02(b)(2)(B) (designating aggravated assault on public servant as first-degree felony offense).

## DISCUSSION

*Sufficiency of the evidence*

In his third issue on appeal, Mateen contends that the evidence at trial was insufficient to support his conviction for aggravated assault of a public servant because, as he contends, he is actually innocent of the underlying offense for which the arrest warrant was issued, and thus, the deputies were not lawfully discharging their duty. We will address Mateen's sufficiency claim first before addressing his remaining issues. *See Medina v. State*, 565 S.W.3d 868, 873 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd) (addressing sufficiency challenge first because it could result "in greater relief than his other issue"). Although Mateen frames his issue as a factual sufficiency issue, we will address it as a legal sufficiency issue because that is the only remaining sufficiency standard for direct appeals. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (ending review of factual sufficiency of evidence).

"When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Zuniga v. State*, 551 S.W.3d 729, 732 (Tex. Crim. App. 2018) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "This standard requires the appellate court to defer 'to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Id.* (quoting *Jackson*, 443 U.S. at 319). "We may not re-weigh the evidence or substitute our judgment for that of the factfinder." *Id.* Although factfinders "may not speculate about the meaning of facts

4

or evidence," they are permitted to "draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial." *Id.* "We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution." *Id.* This is because the factfinders are "the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony." *Id.* "Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Id.*

A person commits aggravated assault of a public servant if they cause serious bodily injury or use or exhibit a deadly weapon during the commission of the assault against a person the actor knows is a public servant while the public servant is lawfully discharging an official duty. *See* Tex. Penal Code § 22.02(b)(2)(B). Mateen only challenges whether the evidence was sufficient to support that Deputy Lehman was lawful in his discharge of his official duty. Specifically, Mateen contends that because he is actually innocent of robbery with intent to commit sexual assault, he should not have been required to register as a sex offender, and thus, the deputies serving his arrest warrant for the offense of failure to register as a sex offender were not lawfully discharging their official duty.

However, even if Mateen's contention that the arrest warrant was unlawfully issued, the legality of the arrest does not affect the lawfulness of the deputy's discharge of his duty to serve the arrest warrant. *See Gonzalez v. State*, 574 S.W.2d 135, 136–37 (Tex. Crim. App. 1978) (holding that "[e]ven if the appellant's contention is correct that the arrest was unlawful, his contention that the officer was not in the lawful discharge of an official duty is without merit"). Thus, viewing all of the evidence in the light most favorable to the verdict, we

5

conclude that the jury could have rationally found that Mateen committed aggravated assault on a public servant when he permanently blinded Deputy Lehman by firing his shotgun out his front door knowing that police officers were outside the door attempting to execute an arrest warrant. *See Zuniga*, 551 S.W.3d at 732 (explaining legal sufficiency standard); *Gokey v. State*, 314 S.W.3d 63, 65 (Tex. App.—San Antonio 2010, pet. ref'd, untimely filed) (holding evidence was legally sufficient to prove aggravated assault of public servant when appellant cut uniformed officers with a knife while evading arrest).

Because the evidence was legally sufficient to support his conviction for aggravated assault of a public servant, we overrule his third issue.

*Actual Innocence*

In his first issue on appeal, Mateen contends that he is factually and actually innocent of the offense of aggravated assault of a public servant because he is actually innocent of the offense of failure to register as a sex offender, which was the offense for which the deputies were serving an arrest warrant for when Mateen shot Deputy Lehman.

Mateen cites *Herrera* in support of his actual innocence issue. *See Herrera v. Collins*, 506 U.S. 390, 409–11 (1993). However, a direct appeal is not the vehicle in which to raise an actual innocence claim. *See State ex rel. Abbott v. Young*, 265 S.W.3d 697, 705 (Tex. App.—Austin 2008, pet. denied) (explaining that "'[a]ctual innocence' is a term of art that has consistently been used by Texas courts to describe a basis for collaterally attacking, through habeas corpus, a final criminal conviction on constitutional grounds"); s*ee also Ex parte Brown*, 205 S.W.3d 538, 546 (Tex. Crim. App. 2006) (explaining that actual innocence claims are exception to "raised and rejected" bar in habeas corpus proceedings because it is type of claim

6

that "direct appeal cannot be expected to provide an adequate record to evaluate the claim in question, and the claim might be substantiated through additional evidence gathering in a habeas corpus proceeding"). Instead, actual innocence claims are cognizable on habeas corpus review. *Ex parte Brown*, 205 S.W.3d at 544 (recognizing cognizability of *Herrera* claims in state habeas corpus proceedings). Therefore, we do not reach the merits of Mateen's actual innocence issue. *See State ex rel. Abbott*, 265 S.W.3d at 706 (noting that "'[a]ctual innocence' is a term unique to the habeas context"). However, to the extent Mateen raises a legal sufficiency issue, we have already addressed it above. Thus, we overrule his first issue.

*Indictment*

In his second issue, Mateen contends that the trial court violated his Fifth Amendment right to have the indictment be issued by a grand jury when it granted the State's motion to delete surplusage language from the indictment. Mateen contends that any change to an indictment's language outside of the grand jury process is a violation of his constitutional rights and in support of his contention he cites nonprecedential federal cases. However, "the grand jury requirements of the Fifth Amendment are held not binding on the states by virtue of the Fourteenth Amendment." *King v. State*, 473 S.W.2d 43, 46 (Tex. Crim. App. 1971) (quoting *Martin v. Beto*, 397 F.2d 741, 746 (5th Cir. 1968)). Rather, unnecessary words may be stricken from the indictment as surplusage "[w]hen not descriptive of that which is legally essential to the validity of an indictment or information." *Davis v. State*, 532 S.W.2d 626, 628 (Tex. Crim. App. 1976). Further, amendment to an indictment is proper prior to the start of the trial if the defendant is allowed at least ten days to respond to the amendment. Tex. Code Crim. Proc. art. 28.10(a).

In his reply brief, Mateen contends that the stricken language was more than surplusage because it resulted in the State abandoning elements of the offense. We disagree. The indictment states in relevant part, with the deleted sections stricken through:

> SHAZIZZ MATEEN hereinafter styled Defendant, on or about the 1st day of November, A.D. 2018, and before the presentment of this indictment, in the County and State aforesaid, did then and there, intentionally, knowingly, and recklessly cause serious bodily injury to C.J. Lehmann by shooting him with a firearm, ~~and the Defendant did then and there use or exhibit~~ a deadly weapon~~, namely, a firearm, during the commission of the assault~~ and the Defendant did then and there know ~~that~~ that C.J. Lehmann was a public servant, namely, a Deputy with Fayette County Sheriff's Office, and that C.J. Lehmann was then and there lawfully discharging an official duty, namely, attempting to arrest the Defendant.

The deletions of repetitive portions of the indictment were not an amendment, but rather, were an abandonment of surplusage language. *See Eastep v. State*, 941 S.W.2d 130, 132, 134 (Tex. Crim. App. 1997), *overruled on other grounds by Gollihar v. State*, 46 S.W.3d 243, 256 (Tex. Crim. App. 2001) *and Riney v. State*, 28 S.W.3d 561, 565 (Tex. Crim. App. 2000) (explaining that "[a]n amendment is an alteration to the face of the charging instrument which affects the substance of the charging instrument," and "[s]urplusage is unnecessary language not legally essential to constitute the offense alleged in the charging instrument"). Such abandonments are allowed and do not implicate the requirements for amending an indictment under the Code of Criminal Procedure. *Id.* at 135.

Furthermore, any changes made to the indictment were made on July 20, 2022 and the trial began sixteen days later on August 5, 2022. Thus, any alleged amendments to the indictment would have been made more than ten days prior to the start of trial. *See* Tex. Code

Crim. Proc. art. 28.10(a) (allowing for amendment of indictment prior to trial if defendant given ten days' notice).

We overrule Mateen's second issue.

*Ineffective assistance of trial counsel*

In his fourth through sixth issues on appeal, Mateen contends that his trial counsel was ineffective.

Standard of review

To prevail on his claim of ineffective assistance of counsel, Mateen must prove by a preponderance of the evidence that: (1) his counsel's performance was deficient, and (2) the deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 988 S.W.2d 770, 772–74 (Tex. Crim. App. 1999). The review of a trial counsel's representation on an ineffective-assistance challenge is highly deferential to counsel's professional judgment. *Strickland*, 466 U.S. at 689.

To meet the first prong of the *Strickland* test, Mateen must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonably professional assistance. *Id.* "[A]ny allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). Generally, a reviewing court will not speculate about counsel's trial strategy. *Mayhue v. State*, 969 S.W.2d 503, 511 (Tex. App.—Austin 1998, no pet.). When there is an absence of evidence in the record of counsel's reasons for the challenged conduct, we "will not conclude the challenged conduct constituted deficient performance unless the conduct was so outrageous that no competent attorney would have

engaged in it." *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). "A substantial risk of failure accompanies an appellant's claim of ineffective assistance of counsel on direct appeal." *Thompson*, 9 S.W.3d at 813. Generally, the proper avenue for developing the record is in a habeas corpus proceeding or in a motion for new trial hearing. *Jensen v. State*, 66 S.W.3d 528, 542 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd).

Constructive denial of counsel

In his fourth issue, Mateen contends that he was constructively denied counsel because his trial counsel did not object to the State deleting language from the indictment.

The constructive denial of counsel occurs when counsel fails entirely to subject the State's case to meaningful adversarial testing. *United States v. Cronic*, 466 U.S. 648, 659 (1984). If a defendant is constructively denied counsel, then prejudice is presumed and no actual showing of prejudice is required. *Id.* However, for this presumption to apply, "the attorney's failure must be complete." *Bell v. Cone*, 535 U.S. 685, 697 (2002). This situation is characterized "by the 'inert' or 'potted plant' lawyer who, although physically and mentally present in the courtroom, fails to provide (or is prevented from providing) *any* meaningful assistance." *Ex parte McFarland*, 163 S.W.3d 743, 752 (Tex. Crim. App. 2005) (emphasis in original). This is a "narrow exception" to *Strickland* that will "infrequently" apply. *Florida v. Nixon*, 543 U.S. 175, 190 (2004).

Here, Mateen contends that counsel's failure to object to the deletion of portions of the indictment demonstrates that counsel was biased against him and thus, he was constructively denied counsel. We disagree. Mateen's complaint focuses on a singular action during the trial—failure to object to the State's requested changes to the indictment—and not of

counsel's behavior throughout trial. *See Bell*, 535 U.S. at 697 (differentiating between appellants' contentions that implicate *Chronic* rule, which include allegations that "counsel failed to oppose the prosecution throughout the [] proceeding as a whole," and those implicating *Strickland* rule, which allege "that his counsel failed to do so at specific points"). Thus, although Mateen framed his issue under *Chronic*, it actually implicates the *Strickland* standard. *See id.* In the interest of justice and liberally construing Mateen's issue, we also analyze it under *Strickland*. *See* 466 U.S. at 687.

As discussed in our analysis of Mateen's second issue, the indictment was not amended. Further, amendments to indictment are allowed and are not barred by the Fifth Amendment, contrary to his contention otherwise. *See* Tex. Code Crim. Proc. art. 28.10(a) (allowing for amendment of indictment prior to trial if defendant is given ten days' notice); *King*, 473 S.W.2d at 46 (explaining that "the grand jury requirements of the Fifth Amendment are held not binding on the states by virtue of the Fourteenth Amendment"); *Davis*, 532 S.W.2d at 628 (holding that "unnecessary words may be stricken from the indictment as surplusage").

The indictment tracks the statutory language of the statute. *See* Tex. Penal Code § 22.02(b)(2)(B); *State v. Mays*, 967 S.W.2d 404, 406 (Tex. Crim. App. 1998) (explaining that generally "an indictment tracking the language of the statute will satisfy constitutional and statutory requirements"). Notably, the failure to raise a meritless objection is not deficient performance. *See Riles v. State*, 595 S.W.2d 858, 861 (Tex. Crim. App. 1980). Additionally, the record does not include anything from which we may discern that counsel's performance was not based on sound strategy. On this record, we cannot conclude that the conduct was so outrageous that no competent attorney would have engaged in it. *See Garcia*, 57 S.W.3d at 440. Thus, we conclude that there is insufficient basis in the present record to overcome the presumption that

11

counsel exercised reasonable professional judgment. Accordingly, we overrule Mateen's fourth issue.

Ineffective assistance: sentencing range

In his fifth issue on appeal, Mateen contends that his counsel failed to object to the enhancement paragraphs in the indictment, which resulted in an incorrect habitual offender sentencing range in the jury charge, and that counsel failed to properly instruct him on the consequences of pleading true to the enhancement paragraphs. The court's charge instructed the jury that Mateen had pleaded true to two prior felony convictions and instructed that:

> You are therefore to determine and state in your verdict-
>
> 1. the term in prison to be imposed on the defendant for no less than fifteen years and no more than ninety-nine years or for life, or
>
> 2. the term in prison to be imposed on the defendant for no less than fifteen years and no more than ninety-nine years or for life and a fine of no more than $10,000.

Mateen contends that he was incorrectly sentenced under the federal sentencing guidelines for calculating enhanced sentences. However, those guidelines were not at issue in this case. The jury was properly instructed regarding the sentencing range under the Texas Penal Code and Mateen was properly sentenced within the instructed range. *See* Tex. Penal Code § 12.32 (setting punishment range for first-degree felony offense at life imprisonment or for any term of not more than 99 years or less than 5 years, and up to $10,000 fine); *id.* § 12.42(c)(1) (enhancing minimum sentencing range to 15-years imprisonment for first-degree felonies when defendant has been finally convicted of prior felony other than state jail felony); *id.*

§ 22.02(b)(2)(B) (designating aggravated assault on public servant as first-degree felony offense). Thus, Mateen has not shown that there was an error in the sentencing range for his trial counsel to object to. *See Riles*, 595 S.W.2d at 861 (holding that failure to raise meritless objection is not deficient performance).

Mateen also contends that his trial counsel failed to explain the implications of him pleading true to his prior felony convictions. However, the record does not include any indication of what or how trial counsel spoke with Mateen regarding the enhancement allegations. Rather, the record only reflects that when asked by the trial court if the allegations were "true or not true," Mateen answered, "It happened—true." Thus, the alleged error is not contained within the record. *See Thompson*, 9 S.W.3d at 814 (requiring that "any allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness").

On this record, we cannot conclude that counsel's complained of conduct was so outrageous that no competent attorney would have engaged in it. *See Garcia*, 57 S.W.3d at 440. Accordingly, we conclude that Mateen has not overcome the presumption that counsel exercised reasonable professional judgment. We overrule his fifth issue.

Ineffective assistance: jury charge

In his sixth issue on appeal, Mateen contends that his trial counsel failed to request a jury instruction on "The Presumption of Law Argument Defense instruction, tantamount to a reasonable doubt instruction." However, the court's charge included the following:

Presumption of Innocence. The defendant is presumed innocent of the charges. **All persons are presumed to be innocent**, and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The law does not require a defendant to prove his innocence or produce any evidence at all. Unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case, the presumption of innocence alone is sufficient to acquit the defendant.

Burden of Proof. The burden of proof throughout the trial is always on the State. The defendant does not have the burden to prove anything. **The State must prove every element of the offense beyond a reasonable doubt** to establish guilt for the offense. If the State proves every element of the offense beyond a reasonable doubt, then you must find the defendant guilty. If the State does not prove every element of the offense beyond a reasonable doubt, then you must find the defendant not guilty. If, after you have considered all the evidence and these instructions, you have a reasonable doubt about whether the defendant is guilty, you must find the defendant not guilty. (emphasis added.)

Because the Court's charge did include an instruction on reasonable doubt, Mateen has not directed us to any error contained in the record. *See Thompson*, 9 S.W.3d at 814. Accordingly, we conclude that Mateen has not overcome the presumption that counsel exercised reasonable professional judgment. We overrule his sixth issue.

*Jury Charge*

As best as we can determine, in his final issue on appeal, Mateen contends that the trial court directed a verdict for the State by failing to include in the jury charge an instruction on the presumption of innocence and proof beyond a reasonable doubt. Specifically, he contends that he was entitled to the instructions because there was evidence presented that he is a sovereign citizen, the arrest was unlawful, and because his trial counsel did not move for directed verdict.

Jury charge error claims are reviewed under a two-pronged test in which the appellate court must determine: (1) whether the charge was erroneous, and (2) if there was an

14

error, whether the error was harmful to the defendant. *Olivas v. State*, 202 S.W.3d 137, 143–44 (Tex. Crim. App. 2006) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on rehearing)).

As previously discussed, the court's charge did include instructions on presumption of innocence and reasonable doubt. Mateen does not specifically identify anything within those instruction that he contends is erroneous. Additionally, the presumption of innocence instruction in the court's charge tracks the Texas Pattern Jury Charge. *See State Bar of Texas, Texas Criminal Pattern Jury Charges—Crimes Against Persons* § C2.1 (2011). While "the Texas Pattern Jury Charges are not 'law', they are heavily relied upon by both the bench and bar." *H.E. Butt Grocery Co. v. Bilotto*, 928 S.W.2d 197, 199 (Tex. App.—San Antonio 1996), *aff'd*, 985 S.W.2d 22 (Tex. 1998); *see also Lerma v. State,* No. 03-18-00578-CR, 2020 WL 1472362, *3 (Tex. App.—Austin March 26, 2020, pet. ref'd) (mem. op., not designated for publication) (same).

Therefore, we conclude that Mateen has not shown that the trial court committed error in the jury charge regarding either its presumption of innocence or reasonable doubt instruction. Consequently, we do not address the harm analysis in this case. *See* Tex. R. App. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."). We overrule Mateen's final issue on appeal.

## CONCLUSION

Because we overrule all of Mateen's issues, we affirm the trial court's judgment of conviction.

_____

Gisela D. Triana, Justice

Before Justices Triana, Kelly, Smith

Affirmed

Filed:   May 29, 2024

Do Not Publish