**Raymond G. RILES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 63727.**

Court of Criminal Appeals of Texas, En Banc.

March 26, 1980.

Donald W. Rogers, Jr., court appointed on appeal, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Alvin M. Titus, Gerard W. Guerinot and Larry P. Urquhart, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for capital murder. The jury answered the questions submitted to it at the punishment stage under Art. 37.071, V.A.C.C.P., in the affirmative. Accordingly, the punishment is death.

Appellant raises eleven grounds of error, relating to jury selection, rulings on evidence, effectiveness of counsel, and the jury charge. The sufficiency of the evidence is not challenged. The facts of the crime are stated in the opinion reversing an earlier conviction for this offense. *Riles v. State*, (Tex.Cr.App.) 557 S.W.2d 95. The defense presented was insanity at the time of the offense. V.T.C.A., Penal Code Sec. 8.01.

We will first consider the two grounds of error relating to the jury selection process. Appellant contends reversible error was committed because four jurors were not qualified under V.T.C.A., Penal

Code Sec. 12.31,[1] and because the court neglected to inquire under Art. 35.17, V.A.C.C.P.,[2] whether the prospective jurors had formed any opinion about the case. Appellant does not suggest that his own examination of the prospective jurors was in any way restricted. No objection was raised on the grounds now urged on appeal. The record reflects that each juror selected to serve in this case was accepted by appellant without objection. Appellant cannot complain on appeal on the basis of a ground not raised in the trial court. See *Burks v. State*, (Tex.Cr.App.) 583 S.W.2d 389, 396.

Appellant in two grounds of error complains of the exclusion of testimony. One instance concerns adverse rulings at the pre-trial competency hearing and the other refers to exclusion at trial of a psychiatrist's testimony about statements by appellant upon which he relied in making his diagnosis. In neither instance was the record developed to show what testimony would have been given. Thus, nothing is presented for review. Art. 40.09(6)(d)(1), V.A.C.C.P.; *Davison v. State*, (Tex.Cr.App.) 510 S.W.2d 316. Furthermore, the basis for admissibility of the psychiatrist's testimony urged on appeal (to show the basis for his opinion) was not urged at trial, so nothing is presented for review. *Milligan v. State*, (Tex.Cr.App.) 554 S.W.2d 192.

Four grounds of error raise issues about the admissibility of evidence presented by the State.

In one ground of error appellant complains about the testimony of Dr. Garcia regarding statements made by appellant during his examination by the doctor. Appellant argues this violated the exclusionary rule of Art. 46.02, Sec. 3(g), V.A.C.C.P.[3] In his brief, however, appellant admits that Dr. Garcia was called to testify on the issue of appellant's sanity at the time of the offense. In *DeRusse v. State*, (Tex.Cr.App.) 579 S.W.2d 224, 230, the Court held:

"We can perceive of no reason to apply Art. 46.02, Sec. 3(g), so as to forbid the trial use, relative to the sanity defense, of the defendant's statements to the psychiatrist during a combined competence/sanity examination pursuant to Art. 46.03, Sec. 3(g), supra. Psychiatric testimony with regard to the defendant's sanity at the time of the offense would hardly be possible if statements by the defendant during his examination were inadmissible, and the jury would be deprived of valuable evidence relative to the insanity defense. Moreover, to allow the statements of the defendant during an Art. 46.03, Sec. 3(g), examination to be admitted in evidence at his trial causes no unique prejudice to the defendant; he is in precisely the same position as any other defendant who is examined with regard to the insanity defense."

In this record we have been unable to find an order appointing Dr. Garcia by name. The only order for a psychiatric examination that we have found that might have been the basis of Dr. Garcia's examination

1. Sec. 12.31(b) provides:
   "Prospective jurors shall be informed that a sentence of life imprisonment or death is mandatory on conviction of a capital felony. A prospective juror shall be disqualified from serving as a juror unless he stated under oath that the mandatory penalty of death or imprisonment for life will not affect his deliberations on any issue of fact."

2. Art. 35.17 states:
   "1. When the court in its discretion so directs, except as provided in Section 2, the state and defendant shall conduct the voir dire examination of prospective jurors in the presence of the entire panel.
   "2. In a capital felony case, the court shall propound to the entire panel of prospective

jurors questions concerning the principles, as applicable to the case on trial, of reasonable doubt, burden of proof, return of indictment by grand jury, presumption of innocence, and opinion. Then, on demand of the State or defendant, either is entitled to examine each juror on voir dire individually and apart from the entire panel, and may further question the juror on the principles propounded by the court."

3. "No statement made by the defendant during the examination or hearing on his competency to stand trial may be admitted in evidence against the defendant on the issue of guilt in any criminal proceeding."

does not specify whether the purpose of the examination was to determine competency under Art. 46.02, supra, or insanity under Art. 46.03, supra. We therefore conclude the record does not show a violation of Art. 46.02, Sec. 3(g), supra. The ground of error is overruled.

■ In another ground of error it is argued that the State on cross-examination of Dr. Byrd revealed to the jury the fact that appellant had been previously tried, in violation of Art. 40.08, V.A.C.C.P.[4] The record reflects that during direct examination by appellant, the doctor read the same sentence from his report to which this ground of error is directed. Thus, appellant had previously introduced the same evidence. No error is shown. See, *Yates v. State*, (Tex.Cr.App.) 509 S.W.2d 600, 604.

■ In two grounds of error appellant complains of references to the fact that he had been on death row. In one instance, after appellant read parts of a deposition by Dr. Draksharon as evidence of appellant's disturbed psychological condition, the State was allowed to read the cross-examination portion of the deposition in which the doctor stated appellant was on death row at the time of the examination, and that the fact he was facing the death penalty could have been a significant factor accounting for his disturbed condition. Later, in jury argument, the State referred to this evidence in its explanation of the weight that should be given to the doctor's opinion on the issue of the insanity defense. We find the evidence and argument were both proper efforts to place the doctor's opinion in perspective with respect to the more recent events that he admitted would affect the condition observed by him, and the reliability of applying those observations to the issue of appellant's sanity at the time of the offense. Furthermore, no claim of surprise can be urged since the evidence was presented by deposition taken prior to trial. The grounds of error are overruled.

■ Next appellant asserts trial counsel was ineffective for failure to make proper objection to the matters raised in the three grounds of error just discussed. In view of our disposition of those issues on the merits, we hold no ineffectiveness of counsel is shown.

■ Another ground of error contends the trial court denied appellant the assistance of counsel by sustaining the State's objection to his jury argument. It is true that improper denial of jury argument can constitute a denial of the right to counsel. *Spangler v. State*, 42 Tex.Cr.R. 233, 61 S.W. 314, 322. In this case, however, the State's objection was properly sustained because appellant's argument was not supported by the evidence. Appellant argued that Dr. Bok testified appellant was insane at the time of the offense. The doctor, however, refused to express such an opinion. His testimony was to appellant's condition at the time of the examination, and to his opinion in hypothetical situations. The ground of error is overruled.

■ Finally, we consider appellant's complaint that the jury charge is fundamentally defective. The indictment alleged that appellant committed capital murder under V.T.C.A., Penal Code Sec. 19.03(a)(2), "while the Defendant was in the course of committing the offense of Robbery against the complainant." The charge of the court in applying the law to the facts of the case on this element instructed the jury that it must find appellant "was then and there in the course of committing or attempting to commit the offense of robbery" at the time of the killing before it could return a verdict of guilty. Appellant argues that the charge enlarged upon the indictment and allowed conviction on a set of facts not alleged. This argument rests on the idea that the allegation of "in the course of committing the offense of robbery" does not include circumstances that would amount to "in the course of . . . attempting to commit the offense of robbery," as submitted in the court's charge.

4. "The effect of a new trial is to place the cause in the same position in which it was before any trial had taken place. The former conviction shall be regarded as no presumption of guilt, nor shall it be alluded to in the argument."

The phrase "in the course of committing or attempting to commit . . ." as used in Sec. 19.03(a)(2), supra, is not defined in the Penal Code. Section 29.01(1) of the code, however, does define "In the course of committing theft." That phrase is given the definition of "conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft." We similarly construe the phrase of Sec. 19.03(a)(2) to mean conduct occurring in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of the offense, i. e., in this case, of robbery. So construed, the charge did not authorize conviction on a theory not alleged in the indictment. The allegation of in the course of committing robbery included within it the allegation of in the course of attempting to commit robbery. The ground of error is overruled.

We find no reversible error. The judgment is affirmed.

PHILLIPS, J., concurs.