Misher v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-91-033-CR

     HENRY LEE MISHER,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 90-1042-C
                                                                                                    

O P I N I O N
                                                                                                    

      Henry Lee Misher was convicted by a jury of attempted capital murder for which he received
a life sentence. See Tex. Penal Code Ann. §§ 15.01, 19.03(a)(1) (Vernon Supp. 1992 and
Vernon 1989). Misher alleges that the evidence is insufficient to show that he attempted to kill
the victim during the course of committing an aggravated sexual assault. He also asserts that the
court erred in allowing certain expert testimony into evidence, in admitting pen packets, and in
allowing witnesses to testify to his reputation as a violent and dangerous person. We will overrule
Misher's points and affirm the judgment.
      On the night of the incident, the victim was awakened when her bedroom door opened. She
recognized the intruder as Misher, who put a knife to her cheek and his hand over her mouth. 
Misher gagged the victim with her panty hose and instructed her to masturbate. Misher performed
oral sex on the victim and forced her to perform the same on him. He then had intercourse with
the woman, forcing her to douche afterward.
      Misher next tied the victim's hands behind her back with a strap he had cut from her purse. 
At knife point, he took her to her car. While driving to Lake Waco, he put his hand inside her
shorts and rubbed her genital area. Misher drove to a wooded area near the dam and told her he
was going kill her because she would tell on him. He pulled her shorts off and again rubbed her
genital area. Misher then stabbed the victim in the stomach. She went limp, pretending to be
dead. Misher picked her up by the ankles, dragged her through the woods, and left her for dead. 
She managed to get to the water and floated until she came to a bridge. She then walked to an
apartment complex and called out for help. Residents of the complex, hearing her cries, located
her and took her to the hospital. 
      The indictment charged Misher with attempted capital murder by stabbing the victim with a
deadly weapon "during the course of committing and attempting to commit aggravated sexual
assault." The Penal Code states:
      (a)  A person commits an offense if he commits murder as defined under Section 19.02(a)(1)
of this code and:

. . .
  
      (2)  the person intentionally commits the murder in the course of committing or attempting
to commit kidnapping, burglary, robbery, aggravated sexual assault or arson.
Id. § 19.03(a) (Vernon 1989). 
      The Court of Criminal Appeals has held that the phrase "in the course of committing," as used
in section 19.03(a)(2), means "conduct occurring in an attempt to commit, during the commission
of, or in immediate flight after the attempt or commission of the offense." Riles v. State, 595
S.W.2d 858, 862 (Tex. Crim. App. 1980). Misher contends that, because he attempted to murder
the victim after the rape and because the attempted murder was at a location several miles away
from the scene of the rape, the evidence is insufficient to establish that the attempted murder was
committed during an attempt to commit aggravated sexual assault. We disagree.
      Evidence will sustain a conviction if, viewing it in the light most favorable to the verdict, any
rational trier of fact could have found the essential elements of the crime beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560
(1979); Geesa v. State, 820 S.W.2d 154, 156-57 (Tex. Crim. App. 1991).
      Misher began his attack on the victim in her home, forcing her to participate in numerous
sexual acts. He continued his assault at knife point as he forced her into her own vehicle and
drove her to a remote area. Once there, he continued by stripping the victim from the waist down,
rubbing her genitals and pulling her pubic hair—with knife still in hand. The victim testified that
Misher then told her, "I'm going to have to kill you, you know that, you're going to tell on me,
I know you're going to tell on me." Thus, the evidence shows that Misher attempted to murder
the victim because he was afraid she would report the sexual assaults to the police. 
      In Wooldridge v. State, the defendant urged a similar point, contending that the aggravated
rape had been completed prior to the events leading to the victim's death—therefore the death
could not have occurred "in the course of committing the offense of aggravated rape." Wooldridge
v. State, 653 S.W.2d 811, 816 (Tex. Crim. App. 1983). In that case, the defendant sexually
assaulted his victim and, fearful that the girl would tell her father, killed her. The Court rejected
Wooldridge's contention that the death did not occur during the course of committing the
aggravated rape. Id. Likewise in Mitchell v. State, the fact that Mitchell did not actually attempt
to murder the victim until after the rape did not prevent a conviction under section 19.03(a)(2) of
the Penal Code. Mitchell v. State, 681 S.W.2d 163, 165 (Tex. App.—Houston [14th Dist.] 1984,
pet. ref'd).
      The evidence is sufficient to establish that, during the course of committing or attempting to
commit aggravated sexual assault, Misher attempted to murder his victim. See Geesa, 820
S.W.2d at 156-57; Wooldridge, 653 S.W.2d at 816. The fact that he attempted the murder at a
different location is of no consequence. We overrule point one.
      In his second point, Misher complains that the court erred in allowing an expert witness to
testify concerning his examination and comparison of two exhibits which were never introduced
into evidence. J.R. Price, a detective with the Waco Police Department, testified that he and
Detective Mike Bradley had collected pubic-hair samples from the victim's bedroom. Price also
testified that, pursuant to a search warrant, he had taken blood and hair samples from Misher. 
These hair samples were placed in separate envelopes and delivered to the Department of Public
Safety laboratory. Blake Goertz, an employee with the DPS lab, identified State's Exhibit 38 as
Misher's pubic hair. Goertz identified State's Exhibit 39 as "a single Negroid pubic hair" which
had been submitted by Detective Bradley. Over Misher's objection that the exhibits had not been
admitted into evidence, Goertz testified that the hairs in State's Exhibits 38 and 39 were "both
Negroid pubic hair" and "could have had a common origin."
      Rule 703 of the Rules of Criminal Evidence provides:
The facts or data in the particular case upon which an expert bases an opinion or inference
may be those perceived by or made known to him at or before the hearing. If of a type
reasonably relied upon by experts in the particular field in forming opinions or inferences
upon the subject, the facts or data need not be admissible in evidence.

Tex. R. Crim. Evid. 703.
      The fact that the samples about which Goertz formed an opinion were not admitted into
evidence, or even admissible, did not render his opinion inadmissible. See id. The clear language
of the rule contemplates that opinions of experts may be based on facts and data not in evidence. 
Id. We overrule point two. 
      In his third point, Misher complains that the court erred in overruling his objection to a
penitentiary pack introduced during punishment. He objected to the "pen packet" on the grounds
that it had not been certified by the district clerk of the convicting court. The packet was certified
by the custodian of records of the Texas Department of Criminal Justice. The packet was
sufficiently authenticated to be admissible. See Reed v. State, 811 S.W.2d 582, 584 (Tex. Crim.
App. 1991). We overrule point three.
      In his final point, Misher asserts that the court erred in allowing two State's witnesses to
testify at the punishment hearing that he had a reputation for being a violent and dangerous person. 
David Miller, a detective with the Temple Police Department, testified that Misher's reputation
for being a peaceful and law-abiding citizen was bad. Miller was then asked:
Q: Do you know Henry Misher's reputation for being a dangerous and violent person?
 
A: Yes sir, I do.
 
Q: What is that reputation?

      A: Dangerous and violent.
Misher did not object to the questioning. Following Miller's testimony, Shelly Barr testified that
Misher's reputation for being a peaceful and law abiding citizen was bad. She testified, without
objection, that in her opinion Misher is a dangerous and violent person. 
      To preserve a complaint for appellate review, the party must have presented to the trial court
a timely objection stating the specific grounds for the desired ruling. Tex. R. App. P. 52(a). 
Because Misher did not object timely, nothing is preserved for our review. We overrule point
four and affirm the judgment.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed May 13, 1992
Do not publish