Opinion filed October 20, 2005












 
 
  
 
 







 
 
  
 
 




Opinion filed October 20, 2005

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

 

                                                                   __________

 

                                                          No. 11-04-00084-CR 

 

                                                    __________

 

                                   MATTHEW ESQUIVEL, Appellant

 

                                                             V.

 

                                    THE
STATE OF TEXAS, Appellee

 



 

                                         On
Appeal from the 238th District Court

 

                                                        Midland
County, Texas

 

                                                 Trial
Court Cause No. CR28642

 



 

                                                                   O
P I N I O N

 








Matthew Esquivel appeals his conviction by a jury
of the offense of indecency with a child. 
The jury assessed his punishment at three years in the Texas Department
of Criminal Justice -- Institutional Division. 
He asserts in two issues that the trial court erred in limiting his
attorney=s final
argument by not allowing him to comment on the State=s
failure to provide certain evidence where a portion of the evidence was
excluded by his attorney=s
objection and that the trial court erred when it allowed the prosecution to
argue outside the record that Esquivel could obtain counseling while in
prison.  We affirm the judgment as to
Esquivel=s
conviction, reverse the judgment as to Esquivel=s
punishment, and remand for a new hearing on punishment.  

Esquivel contends in issue one that the trial
court erred in limiting his attorney=s
final argument by not allowing him to comment on the State=s failure to provide certain evidence
where a portion of the evidence was excluded by his attorney=s objection.  In its opening statement, the State told the
jury that it expected to call Raymond Waters who would testify to the outcry
statements made by his stepdaughter, the complainant.  Esquivel successfully excluded this evidence
during the trial.  In a hearing outside
the presence of the jury, counsel for Esquivel stated that he intended to
comment that AWaters
was promised to testify and he did not@
or that Waters Awas going
to offer us all this testimony and he did not.@  The trial court sustained the State=s objection on the basis that the
testimony had been excluded by Esquivel=s
objection.  The trial court told Esquivel=s counsel, AYou
can say that there=s no
testimony that points directly to this other than the testimony of the child.@ 
Subsequently, Esquivel=s
counsel argued, AMr.
Waters told us nothing,@
without objection.








Joann Sarabia is a witness who was trained in
forensic interviewing and who had given presentations concerning forensic
interviewing of child sexual abuse victims. 
In voir dire questioning prior to her testifying before the jury,
Sarabia said that she was going to testify concerning the complainant=s responses to her questions.  After she made that statement, the State made
an offer of proof, stating that it had no intention of going into Sarabia=s actual interview with the
complainant.  Upon being questioned by
the court, the State again represented that it did not intend to get into
Sarabia=s
assessment of the complainant or what the complainant told her in the
interview.  In closing argument, counsel
for Esquivel argued, AJoann
Sarabia testified about forensic interviewing. 
How much information did Joann Sarabia tell us about the allegations
against that young man?  How much?  Think back.@  The State objected to the argument, arguing
that it was disingenuous to talk about what Sarabia did not say when the
defense knew that it was not admissible and had objected to it.  The State contended that the argument was
misleading to the jury.  The trial court
admonished Esquivel=s counsel
that he could argue that Sarabia=s
testimony did not establish anything but could not complain that the State did
not present any evidence about it. 
Defense counsel answered, AOkay.@ 
When counsel argued, ALadies
and gentlemen, with regard to Ms. Sarabia, I will say, and I think you will
recall, that there is no evidence, no evidence that discusses the fact which
form,@ the
trial court sustained the State=s
objection.  Esquivel=s counsel subsequently argued, without
objection, that A[Ms.]
Sarabia told us nothing.@       

The Texas Court of Criminal Appeals has held that
there are four permissible areas of jury argument: (1) summation of the
evidence; (2) reasonable deduction from the evidence; (3) answer to argument of
opposing counsel; and (4) pleas for law enforcement.  Felder v. State, 848 S.W.2d 85, 94-95
(Tex.Cr.App.1992).  The argument that
Esquivel sought to make was to point out that the State had promised to produce
certain evidence before the jury but had not done so.  This argument could be said to be a  summation of the evidence and a response to a
statement of opposing counsel.  Although
not a response to an argument of opposing counsel, we see no reason why a
response to the opening statement of opposing counsel would not fall within
this area of permissible argument.  We
also find that the argument that Esquivel sought to make about Sarabia=s testimony also fell under the
acceptable category of summation of the evidence.    

The State contends that Esquivel=s arguments were misleading because
they suggested to the jury that these two witnesses had nothing to offer
regarding the allegations against Esquivel. 
As we read the arguments, they make no such suggestion.  The arguments only referred to the fact that
evidence had not been presented to the jury. 
Because the arguments were not misleading and fell within the acceptable
areas of argument, we hold that the trial court erred by sustaining the State=s objection to the arguments.  

If this error is constitutional and is subject to
harmless error review, we must reverse the judgment unless we determine beyond
a reasonable doubt that the error did not contribute to the conviction or
punishment.  TEX.R.APP.P. 44.2(a).  If the error is not a constitutional error,
we must disregard it if it does not affect substantial rights.  TEX.R.APP.P. 44.2(b).  Improper denial of jury argument can
constitute a denial of the right to counsel. 
Riles v. State, 595 S.W.2d 858, 861 (Tex. Cr.App.1980); Spangler
v. State, 61 S.W. 314, 322 (Tex.Cr.App.1900).  








The purpose of Esquivel=s
arguments was to emphasize that there was neither evidence presented to the
jury showing what the complainant said to Waters nor evidence from Sarabia
regarding the charges the jury was considering. 
As we have previously noted, Esquivel, without objection, argued that AMr. Waters told us nothing,@ and A[Ms.]
Sarabia told us nothing.@  We find beyond a reasonable doubt that, in
view of Esquivel making these arguments without objection and in view of all of
the evidence, any error by the trial court in sustaining objections to Esquivel=s arguments did not contribute to his
conviction or punishment.  We overrule
issue one.

Esquivel urges in issue two that the trial court
erred by allowing the prosecution to argue outside the record.  Esquivel presented the testimony of Ross
Bush, a community supervision officer for Midland County.  Bush testified to the basic conditions of
community supervision stating that Esquivel would be required to attend sex
offender counseling.  There was no
testimony regarding the availability of sex offender counseling in prison.  The State, in its argument to the jury,
agreed that Esquivel needed help but then suggested that the only question the
jury had to answer was whether it wanted Esquivel in prison while getting
help.  The trial court overruled Esquivel=s objection that the argument was
outside the record.  The prosecutor then
made the following argument:

Do you want him in prison while he=s receiving this help for his problems
or where he=s not
going to hurt anybody while he=s
getting this help or do you want him out on the streets?  To me, I respectfully submit to you that is
the issue here, not whether the Defendant needs help, needs counseling because
he does.  It=s
where  should he be while he=s getting that help?

 








The record contains no evidence that sexual
counseling is available in the Texas Department of Criminal Justice --
Institutional Division or whether, if it is, it would be available to
Esquivel.  The prosecutor may not use
closing argument to get evidence before the jury that is outside the record and
prejudicial to the accused.  Borjan
v. State, 787 S.W.2d 53, 57 (Tex.Cr.App.1990).  Reference to facts that are neither in evidence
nor inferable from the evidence is improper. 
Id.  The prosecutor=s argument suggested, without any
evidentiary support, that Esquivel could receive help while in prison.  We hold that the trial court erred by not sustaining
Esquivel=s
objection to the argument because it contained evidence outside the record that
was prejudicial to the accused.  We
disagree with the State=s
assertion that one might reasonably infer from the fact that the Texas prison
system is Avast in
nature@ that it
necessarily provides sexual counseling services to inmates or that such
counseling, if available, would be provided to Esquivel.  

Improper jury argument by the State constitutes
nonconstitutional error.  Daggett v.
State, 103 S.W.3d 444, 451 (Tex.App. - San Antonio 2002, pet=n granted).  A substantial right is affected and
reversible error is committed when the error had a substantial and injurious
effect or influence in determining the jury=s
verdict.  Morales v. State, 32
S.W.3d 862, 867 (Tex.Cr.App.2000).  In
determining whether to recommend that Esquivel be placed on community
supervision or to assess time in the Texas Department of Criminal Justice --
Institutional Division, whether Esquivel would receive help in the form of
sexual counseling would be a key consideration. 
By suggesting that Esquivel could receive such help in prison, the State
was suggesting that it really did not matter, as far as counseling was
concerned, whether the jury recommended community supervision or assessed Esquivel
time in the Texas Department of Criminal Justice -- Institutional
Division.   It framed the whole issue
regarding punishment as to whether Esquivel would receive counseling while on
community supervision or in prison, without any evidence that such counseling
was available to prison inmates.  We hold
that this argument would have had a substantial and injurious effect or
influence in determining the jury=s
verdict and, therefore, affected Esquivel=s
substantial rights.  We agree with the
State=s
contention that the argument was not about whether Esquivel would get help but
that society be protected from him wherever he was receiving help but that its
argument was based on facts that were outside the record, that were prejudicial
to the accused, and that would have had a substantial and injurious effect or
influence on the jury=s
verdict.   








We find the case at bar to be distinguishable from
the case of McCray v. State, 873 S.W.2d 126 (Tex.App. - Beaumont 1994,
no pet=n).  In McCray, a murder case, the
defendant testified at trial, downplayed his involvement, blamed the victim,
and indicated a strong need for psychological counseling through community
supervision.  McCray v. State, supra
at 129.  In closing argument, the
prosecutor argued, AAll the
counseling he can get is in prison for as long as we can send him there.@ 
Id.  The court held that
this was not an attempt to inject new evidence but was, instead, a plea for law
enforcement.  We agree, for it appears
that the thrust of the argument was not that counseling was available in
prison, but that the defendant needed a long prison sentence, not
counseling.  In the case at bar, the
prosecutor sought to convey the idea that such counseling was available in
prison.  We sustain issue two.  

We affirm the trial court=s
judgment as to Esquivel=s
conviction.  We reverse the judgment as
it relates to his punishment, and we remand to the trial court for a new punishment
hearing.

 

JOHN G. HILL

JUSTICE

 

October 20, 2005

Publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of: Wright, C.J., and

McCall,
J., and Hill, J.[1]











[1]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth sitting by assignment.