Opinion issued October 2, 2008














     


In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00888-CR




JOE CEPEDA LOPEZ, Appellant

v.

THE STATE OF TEXAS, Appellee




On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause No. 1049001




MEMORANDUM OPINION

          Appellant, Joe Cepeda Lopez, was charged by indictment with the offense of
aggravated robbery, enhanced by two prior felony convictions. See Tex. Penal
Code Ann. § 29.03 (Vernon 2003). Appellant pleaded not guilty to the primary
offense and pleaded “true” to the enhancements. A jury found him guilty as charged,
found the enhancements true, and assessed punishment at 57 years’ confinement.
          In his sole issue, appellant contends that he was denied his Sixth Amendment
right to effective assistance of counsel at trial based on his trial counsel’s failure to
(1) conduct a sufficient voir dire; (2) failure to make an opening statement; (3) failure
to file a motion to suppress photographic identification; (4) failure to make objections
to the parties charge; (5) failure to preserve valuable evidence; and (6) making
prejudicial statements, including calling the appellant a “criminal” during counsel’s
punishment phase argument.
          We affirm.
Background
          On November 15, 2005, Jason Lee was alone at his parents’ home on
Shadymist Drive in Houston when the doorbell rang. Lee saw a Hispanic man
standing outside his door, holding up a piece of paper that covered his face. When
Lee opened the door, the man came into the house and pointed a firearm at Lee. A
struggle ensued and another man entered the house. Lee was struck in the back of his
head and forced to the floor. The men covered Lee’s face with a shirt, tied him up,
and demanded money. One of the men received a telephone call, then both of the
men ran out of the house through the back door. Lee testified that he only saw two
men in the house, but that it seemed that there were more than two men involved.
          The next-door neighbor, Mahdieh Dabibi, had been sitting in her house
watching television when she heard the sound of tires screeching to a halt outside. 
Dabibi looked out and saw a black car parked in Lee’s driveway with three men
inside. She saw two of the men get out of the car and approach Lee’s home. The
driver remained in the car. Dabibi could hear slamming and banging going on at the
Lee house, and she called 9-1-1. 
          When Officer C. D’Agostino of the Houston Police Department (“HPD”)
arrived, he found Lee lying on the floor with his hands bound. Officer D’Angostino
testified that Lee reported that there were three men involved.
          A large perimeter was secured around the neighborhood. Officer M. Rooney
of HPD found one of the men, later identified as Felix Leonardo Hernandez, hiding
behind some bushes. Officer Rooney later discovered a fully loaded .38 caliber
revolver in the bushes where Hernandez had been hiding. Officer R.L. Mason of
HPD found a second man, later identified as Wainer Renteria, also hiding in some
bushes. Officer Mason’s police dog extracted Renteria from the bushes and then
alerted on a baseball cap, a cellular telephone, and a loaded firearm in the same area.
 
          Dabibi identified Hernandez and Renteria as two of the men she had seen at the
Lee home that morning. After speaking with Hernandez and Renteria, the police
began investigating appellant.
          The police located the car that had been used by the assailants, a 1995 Nissan
Maxima, and determined that it was owned by a person named Sergio Madrigal at
10110 Forum Park in Houston. The police also found “lab paperwork” in the glove
box that contained appellant’s name and the same address that appeared on the
vehicle registration.
          Appellant was arrested while driving a black Lincoln Navigator, which was
also registered to Sergio Madrigal. Initially, appellant falsely identified himself to
police as “Carlos Porto Correra” and gave a false date of birth. Dabibi identified
appellant out of a live lineup. In addition, Lee identified appellant from a photo
array. Three police dogs made positive alerts on scent traces that were taken from the
vehicle found at the scene of the robbery and from appellant after his arrest. 
          Appellant was charged with the offense of aggravated robbery and trial was set.
The first trial resulted in a mistrial, and appellant was appointed new counsel for his
second trial. At the second trial, a jury convicted appellant and assessed punishment
at confinement for 57 years. There was not a motion for new trial. This appeal
followed. 
Ineffective Assistance of Counsel
          In his sole issue, appellant contends that he was denied effective assistance of
counsel at the guilt/innocence and punishment phases of trial.
A.      Standard of Review  
          Appellant is entitled to reasonably effective assistance of counsel. See U.S.
Const. amend. VI; Tex. Const. art. I, § 10. The right to counsel, however, does not
mean the right to errorless counsel. Robertson v. State, 187 S.W.3d 475, 483 (Tex.
Crim. App. 2006). To prove ineffective assistance of counsel, appellant must show
that (1) counsel’s performance fell below an objective standard of reasonableness and
(2) that there is a reasonable probability that the result of the proceeding would have
been different. Strickland v. Washington, 466 U.S. 668, 687, 694, 104 S. Ct. 2052,
2064, 2068 (1984); Andrews v. State, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005).
A “reasonable probability” is a probability sufficient to undermine confidence in the
outcome. Strickland, 466 U.S. at 694, 104 S. Ct. 2068. 
           To prevail, appellant must prove ineffective assistance by a preponderance of
the evidence and must overcome the strong presumption that counsel’s conduct falls
within the wide range of reasonably professional assistance or might reasonably be
considered sound trial strategy. See Robertson, 187 S.W.3d at 482–83; Gamble v.
State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.). A failure
to make a showing under either prong defeats a claim of ineffective assistance of
counsel. Rylander v. State, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003)
(emphasis added). 
          As the reviewing court, we look to the totality of the representation and to the
circumstances of the case, not to isolated errors. Robertson, 187 S.W.3d at 483–84.
We must consider the adequacy of assistance as viewed at the time of trial, not
through hindsight. Id. at 482. Each representation must be judged on its own merits
under the circumstances in which it occurs and may not be determined by hindsight
comparison with how other counsel might have tried the case. Pryor v. State, 719
S.W.2d 628, 633 (Tex. App.—Dallas 1986, pet. ref’d), cert. denied, 485 U.S. 1036,
108 S. Ct. 1599 (1988). “Each trial, even a retrial, is unique: witnesses testify
differently, the jury is different, and as in this case, even the judge may not be the
same.” Id. Thus, each trial offers unique challenges, requiring different strategies by
each trial counsel, and we will evaluate counsel’s performance by the totality of his
representation in the second trial only. Id.
          Additionally, we cannot speculate as to the reasons supporting counsel’s
behavior. Bone v. State, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002). Allegations of
ineffectiveness must be firmly founded in the record. Id. at 833 & n.13. Ordinarily,
the record on direct appeal is undeveloped and cannot adequately reflect the motives
behind trial counsel’s actions. Rylander, 101 S.W.3d at 110–11. Thus, a silent record
that provides no explanation for counsel’s actions will not overcome the strong
presumption of reasonable assistance. Id. In the absence of evidence of counsel’s
reasons for the challenged conduct, an appellate court should not find deficient
performance unless the conduct was so outrageous that no competent attorney would
have engaged in it. Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).
The same standard applies to the review of claims that counsel was ineffective during
the punishment phase of trial. Hernandez v. State, 988 S.W.2d 770, 770 (Tex. Crim.
App. 1999); Wynkoop v. State, 251 S.W.3d 628, 630 (Tex. App.—Houston [1st Dist.]
2007, pet. ref’d).
B.      Voir Dire
          Appellant first contends that his trial counsel failed to conduct a sufficient voir
dire. Specifically, appellant contends that his counsel “mentioned general issues,”
covered “ten topics in twelve minutes,” and additionally never used the topics he
presented as a means of educating the panelists or discovering their views in order to
make informed use of his challenges and strikes. In making this contention, appellant
attempts to compare the conduct of his counsel at his retrial with the conduct of his
counsel during his first trial. We must evaluate counsel’s performance by the totality
of his representation in the second trial only. See Pryor, 719 S.W.2d at 633. The
actions of appellant’s counsel during his first trial will not be used to determine the
ineffectiveness of appellant’s counsel during his retrial. See id.
          In Jackson v. State, the court of criminal appeals held that a “ten minute voir
dire” by defense counsel does not render assistance of counsel per se ineffective. 491
S.W.2d 155, 155–56 (Tex. Crim. App. 1973). The court reasoned that the length of
a voir dire examination can be dictated by trial strategy. Id. at 156. Additionally, in
Leija v. State, we determined that defense counsel was not ineffective on the basis of
the brevity of his voir dire because the record demonstrated that counsel’s voir dire
followed a 40-minute examination by the State, during which the State explained the
burden of proof; that jurors must be fair and impartial; that jurors may choose to
believe or disbelieve any portion of the testimony; and that jurors may not consider
whether the defendant testifies. No. 01-06-00063-CR, 2006 WL 3751434, at *4 (Tex.
App.—Houston [1st Dist.] Dec. 21, 2006, no pet.) (mem. op., not designated for
publication). In addition, the trial court fully educated and admonished the panel on
several issues. Id. Defense counsel further questioned the venire members regarding
whether any had been crime victims, their ability to consider the full range of
punishment, and the weight given to police testimony. Id. 
           Here, similar to Leija, appellant’s counsel’s voir dire followed a thorough
explanation by the trial court, which took up the first half of the day, and included
thorough explanations of the process of voir dire, the presumption of innocence, and
burdens of proof. The trial court also questioned the veniremembers regarding their
personal experiences regarding relevant issues. The State conducted a 30-minute voir
dire, during which it extensively questioned the jury and reiterated the issues
previously addressed by the trial court. Defense counsel’s voir dire included a
discussion of police officer testimony, defendant’s failure to testify, and eyewitness
testimony. 
          Here, as in Jackson and Leija, appellant has not shown that his counsel was
ineffective based on the mere brevity of voir dire. Additionally, appellant does not
specify what should have been asked or show how a failure to ask such questions
prejudiced his defense. Nothing in the record shows that defense counsel’s voir dire
was the result of an unreasoned strategy or that there was a reasonable probability that
it led to an unreliable verdict or unjust punishment. Thus, appellant has not met his
burden under Strickland to show that his counsel was ineffective. See Strickland, 466
U.S. at 687, 104 S. Ct. at 2064. 
C.      Opening Statement 
          Appellant’s second contention is that his counsel was ineffective for having
failed to make an opening statement at trial. Appellant again attempts to compare the
conduct of his counsel during the first trial with the conduct of different counsel at
the second trial. Looking solely at defense counsel’s conduct during the second trial,
the decision not to make an opening statement may have been trial strategy. Choosing
not to make an opening statement is an inherently tactical decision that is based on
the way the trial is unfolding, the strategy employed, and the experience and
judgment of the defense attorney along with other factors. Taylor v. State, 947
S.W.2d 698, 704 (Tex. App.—Fort Worth 1997, pet. ref’d). Appellant has not shown
by a preponderance of the evidence that counsel’s performance was so deficient that
it fell below an objective standard of reasonableness. See Strickland, 466 U.S. at 687,
104 S. Ct. at 2064. 
D.      Motion to Suppress Appellant next contends that his counsel was ineffective for having failed to
move to suppress a photo array from which a witness identified appellant. Appellant
contends that, even if the motion had been denied, counsel could have then put on his
defense and “at least preserved a sound issue for appeal.” 
          The mere failure to file pretrial motions does not categorically constitute
ineffective assistance of counsel. Autry v. State, 27 S.W.3d 177, 182 (Tex. App.—San
Antonio 2000, pet. ref’d). To satisfy his burden under Strickland, appellant must
show that a motion to suppress would have been granted. See Jackson v. State, 973
S.W.2d 954, 957 (Tex. Crim. App. 1998). Unless appellant shows that a pretrial
motion had merit and that a ruling on the motion would have changed the outcome
of the case, counsel will not be ineffective for failing to assert the motion. See id. 
          In his brief on appeal, appellant does not argue any basis for the suppression
of the photographic array from which appellant was identified. Appellant has not
shown that a motion to suppress the photographic array would have had merit and
that it would have been granted. Because appellant has not satisfied his burden to
show that a motion to suppress would have been granted, we conclude that appellant
has not satisfied his burden under Strickland to show that his counsel was ineffective. 
See Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. 
E.      Charge Objections
          Appellant next contends that his counsel was ineffective for failing to object
to the inclusion in the jury charge of an instruction on party liability. 
          A person is criminally responsible as a party to an offense if the offense is
committed by his own conduct, by the conduct of another for which he is criminally
responsible, or by both. Tex. Penal Code Ann. § 7.01(a) (Vernon 2003). Under the
law of parties, the State is able to enlarge a defendant’s criminal responsibility to
include acts in which he may not have been the principal actor. Goff v. State, 931
S.W.2d 537, 544 (Tex. Crim. App. 1996). An instruction should be submitted to the
jury when the evidence adduced at trial shows the active participation in the offense
by two or more persons. Id. 
           Here, the record shows that the offense was committed by more than one
person—with at least three individuals actively participating. Hence, an instruction
on the law of parties was warranted. See id. Counsel is not ineffective for having
failed to enter a meritless objection. See Riles v. State, 595 S.W.2d 858, 861 (Tex.
Crim. App. 1980). Thus, appellant has failed to show that his counsel’s performance
fell below an objective standard of reasonableness under the first prong of Strickland.
See Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. 
F.      “Valuable Evidence Lost” 
          Appellant presents his next issue, “Valuable Evidence Lost,” as follows: 
          In the first trial, on cross examination of Officer Nguyen, Appellant’s counsel 
was able to show that, despite his initial testimony that Mr. Renteria had named
Appellant as being with him at the scene of the crime, Officer Nguyen had mis-spoken—he conceded that when he had questioned Renteria, he had not in fact
named appellant as being present. . . . The first jury, the hung jury, knew from
Officer Nguyen’s testimony on cross examination that Mr. Renteria did not
name Appellant as being present at the scene. This issue was not raised during
counsel’s cross examination of Officer Nguyen in the second trial, which took
only six pages in the record. The State may argue that Mr. Renteria could have
been impeached with his subsequent stipulation that he committed the offense
‘along with’ appellant. But counsel at the second trial clearly wanted Mr.
Renteria’s testimony; he called him as a witness but made no effort to get his
evidence before the jury as previous counsel had been able to do during cross
examination. The evidence was lost for this lack of effort.



Appellant contends that his trial counsel “might have done several things to try to
have this testimony admitted.” 
          The substance of appellant’s contention is not easily discernible. We construe
his complaint to be that, apparently, there was testimony by Officer Nguyen in the
first trial that Renteria identified appellant as an accomplice and that, later, Officer
Nguyen testified the he had mis-spoken. Appellant seems to contend that his counsel
at the second trial, the only one that underlies this appeal, was ineffective because he
allowed the creation of a false impression that Renteria had identified appellant, when
he had not, and that Officer Nguyen should have been cross-examined concerning
having mis-spoken at the first trial. 
          Again, we are not permitted to speculate as to what counsel at retrial “might”
have done at trial, as compared to counsel in the first trial. Focusing only the
testimony that took place at the second trial, as we must, Officer Nguyen did not
claim that Hernandez and Renteria named appellant in their interviews. Appellant
acknowledges this point in his brief on appeal, but then contends that the
“prosecutor’s questioning created that very impression—and defense counsel did
nothing to correct it.” Appellant does not direct us to anything in the record to
support his conjecture concerning false impressions.
 
          Appellant has not met his burden to show that his counsel was ineffective for
having failed to question Officer Nguyen about claims that were never made. As
such, appellant has not met his burden under prong one of Strickland to show that
counsel’s performance fell below an objective standard of reasonableness. Even if
we conclude that appellant met his burden under prong one, appellant has not shown
that there is a reasonable probability that, but for defense counsel’s conduct, the result
of the proceeding would have been different. See Strickland, 466 U.S. at 687, 104
S. Ct. at 2064. 
G.      Statements Made at Punishment Phase 
          Finally, appellant contends that his counsel was ineffective during the
punishment phase for having suggested a particular length of punishment to the jury
and for having referred to appellant as “a criminal.”
          Appellant contends that his counsel, in closing, improperly reminded the jury
that “the Judge has told you [that appellant will] have to do one half of whatever
sentence you give him” and improperly suggested that “40 years would probably be
appropriate.” Appellant complains that these statements effectively invited the jury
to violate its instructions.
          The record shows that the prosecution asked for punishment of 99 years’
confinement and that the jury ultimately assessed punishment at 57 years. Appellant
does not cite any authority that indicates that defense counsel’s suggestion of 40
years—a punishment that fell within the range of punishment for the offense and well
below that which the State requested—constituted ineffective assistance of counsel. 
See Tex. Penal Code Ann. § 12.42(d) (Vernon Supp. 2008) (stating range of
punishment for first degree felony enhanced by two prior felony convictions is
confinement for life or for any term not more than 99 years or less than 25 years). 
Appellant has not shown that counsel’s performance fell below an objective standard
of reasonableness under the first prong of Strickland. See Strickland, 466 U.S. at 687,
104 S. Ct. at 2064. 
          Appellant further contends that his counsel inappropriately referred to him as
a “criminal,” that such reference constituted a “dereliction of [his] duty” to appellant,
and that such reference prejudiced the outcome of appellant’s trial. 
          Generally, the record on direct appeal is undeveloped and does not adequately
reflect the motives behind the trial counsel’s conduct. Rylander, 101 S.W.3d at
110–11. As such, trial counsel should ordinarily be afforded an opportunity to
explain his actions before being denounced as ineffective. Id. Here, appellant did not
file a motion for new trial, during which the record might have been developed on
this point. Appellant contends that a motion for new trial was not necessary in this
case because “appellant’s allegations of ineffective assistance of counsel are firmly
founded and affirmatively demonstrated.” 
          The record shows that appellant stipulated to having committed aggravated
robbery in 1994 and to having a deadly weapon in a penal institution in year 2000. 
These are the convictions that the State used to enhance appellant’s punishment and
to which appellant pleaded “true.” At punishment, appellant testified, both on direct
and on cross-examination, to the circumstances surrounding these convictions. 
Subsequently, in closing, appellant’s counsel acknowledged that appellant is “a
criminal,” but counsel also asked the jury to consider appellant’s testimony
suggesting that the robbery was actually “a debt collection” involving another drug
dealer, that nobody had been killed, and that appellant had served out his sentence.
          In Yarborough v. Gentry, the United States Supreme Court refused to find
defense counsel ineffective when he referred to his client as a “bad person, lousy drug
addict, stinking thief [and a] jail bird.” 540 U.S. 1, 6, 124 S. Ct. 1, 9 (2003). The
Court found defense counsel’s statements to be a calculated risk that went to the heart
of an advocate’s discretion and further by “candidly acknowledging his client’s
shortcomings, counsel might have built credibility with the jury and persuaded it to
focus on the relevant issues in the case.” Id. at 6–7, 124 S. Ct. 9–11. 
          We conclude that appellant has not demonstrated that his counsel was deficient
in his performance by attempting to mitigate the punishment appellant received. 
          After reviewing the totality of defense counsel’s representation at the time of
the second trial only and employing the strong presumption that counsel’s conduct
might reasonably be considered sound trial strategy, as we must, we conclude that
appellant has not met his burden under Strickland to show that his counsel was
ineffective. 
          We overrule appellant’s sole issue. 
Conclusion
          We affirm the judgment of the trial court.



                                                             Laura Carter Higley
                                                             Justice

Panel consists of Chief Justice Radack and Justices Nuchia and Higley.

Do not publish. See Tex. R. App. P. 47.2(b).