In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-11-00244-CR
_____

JOSEPH EDWARD ROBERTS JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 260th District Court
Orange County, Texas
Trial Cause No. D-100462-R

MEMORANDUM OPINION

Joseph Edward Roberts Jr. appeals the conviction and life sentence he received for committing capital murder. *See* Tex. Penal Code Ann. § 19.03(a)(2) (West Supp. 2012). In his sole issue on appeal, Roberts asserts the evidence is not sufficient to prove that he committed the murder in the course of committing a robbery. We hold the evidence is sufficient to support the judgment, and we affirm.

1

Standard of Review

A sufficiency challenge requires an appeals court to review all of the evidence in the light most favorable to the verdict and determine if a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *see also Brooks v. State*, 323 S.W.3d 893, 894–95 (Tex. Crim. App. 2010). In reviewing the evidence, we give deference to the jury's responsibility to resolve any conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from facts. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

Evidence supporting jury's finding

The indictment alleges that Roberts murdered Michael McNamara in the course of robbing Joyce Cross. According to Roberts, the evidence established that he had completed the robbery of Cross when he murdered McNamara; he concludes that no rational jury could have found him guilty of committing capital murder.

The testimony established that Roberts went into the offices of McNamara Insurance Agency and demanded that Cross, who worked there, give him money. Cross was alone in the office after returning from lunch. Cross handed Roberts a $100 bill and asked if he was going to hit her with the baseball bat he was holding. Roberts responded that he was, because she had seen his face; he then struck Cross several times with the

bat. Seeking refuge from Roberts' attack, Cross crawled under her desk and pretended she was dead.

As Roberts was leaving through the back door, McNamara, the business's owner, arrived. Roberts approached McNamara and asked for a drink of water. After following McNamara into the back door of the building, Roberts struck McNamara several times in the back of his head with the bat. McNamara died from the blows to his head.

In a statement to police, Roberts admitted "I knew [McNamara] saw the lady on the floor that I hit with the bat. I knew he saw her because he was looking towards that way. I decided to hit [McNamara] because he had seen my face and was going to call the cops." Roberts added that he was trying to "get a couple blocks [away] from the scene."

Course of committing robbery

On appeal, Roberts concedes that he robbed Cross and murdered McNamara. However, he contends he is not guilty of capital murder. According to Roberts, the evidence fails to establish that he murdered McNamara in the course of robbing Cross because the evidence established that the robbery was complete when he murdered McNamara.

A person commits capital murder if he intentionally causes the death of a person while in the course of committing robbery. *See* Tex. Penal Code Ann. § 19.03(a)(2). The phrase "'in the course of committing or attempting to commit'" as used in section 19.03(a)(2) means "conduct occurring in an attempt to commit, during the commission,

3

or in immediate flight after the attempt or commission of the offense[.]" *Riles v. State*, 595 S.W.2d 858, 862 (Tex. Crim. App. 1980); *see also Hernandez v. State*, 10 S.W.3d 812, 823 (Tex. App.—Beaumont 2000, pet. ref'd). The State must prove a nexus between the murder and the aggravating offense; that is, the State must show that, during the commission of the offense or while in immediate flight, the defendant killed the victim to facilitate the taking of the property. *Whitaker v. State*, 977 S.W.2d 869, 872-73 (Tex. App.—Beaumont 1998, pet. ref'd).

Roberts had not yet left the scene of the robbery when McNamara arrived. Roberts admitted he struck McNamara because he believed that McNamara had seen Cross lying on the floor, and that he decided to hit McNamara "to get a couple blocks [away] from the scene." The testimony admitted during Roberts's trial establishes the relationship the robbery had with the murder, and provides the sufficient nexus to support the judgment. We hold the evidence allowed the jury to conclude that Roberts committed the murder while in flight from the robbery. *See Riles*, 595 S.W.2d at 862. Based on the evidence admitted during the trial, a rational jury could have found the essential elements of capital murder beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319.

We overrule Roberts's sole issue, and we affirm the trial court's judgment.

AFFIRMED.

4

_____
HOLLIS HORTON
Justice

Submitted on November 6, 2012
Opinion Delivered December 5, 2012
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.