

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00006-CR

ARTRELL LEE TAYLOR, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 54869-B

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

Artrell Lee Taylor shot and killed Derrick Spearman, and the State charged him with murder. Taylor pled guilty to the lesser-included offense of manslaughter,[1] and pursuant to a plea agreement with the State, the trial court placed him on deferred adjudication community supervision for ten years and assessed a $5,050.00 fine. The terms and conditions of Taylor's community supervision required him to refrain from committing other offenses and to complete 480 hours of community work service at the rate of four hours per month, among other things. The State alleged that Taylor failed to abide by those terms and conditions when he committed theft, provided an officer with a fictious name, and failed to complete community service as ordered. As a result, the State filed a motion to adjudicate Taylor's guilt. Taylor pled true to the State's allegations. Accordingly, the trial court granted the State's motion, adjudicated Taylor's guilt for manslaughter, and sentenced him to sixteen years' imprisonment, with a $5,050.00 fine.

On appeal, Taylor argues that his "Eighth Amendment rights were violated when the trial court imposed a 16-year state prison sentence for four nonviolent, technical probation violations that are grossly disproportionate to his conduct." Taylor also argues that his counsel rendered ineffective assistance by failing to raise this issue at trial. However, Taylor does not argue that a sixteen-year sentence is a disproportionate sentence for the offense of manslaughter.

Contrary to Taylor's arguments, Taylor's sixteen-year sentence was for the underlying offense of manslaughter, not for his community supervision violations.[2] *See* TEX. CODE CRIM.

---

[1]*See* TEX. PENAL CODE ANN. § 19.04 (Supp.).

[2]Taylor readily admits that this Eighth Amendment complaint was not preserved for review. A "failure to preserve

2

PROC. ANN. art. 42A.110.  Yet, Taylor does not complain that his sentence was disproportionate to the underlying offense of manslaughter, and "[w]e will not make appellant's arguments for him." *Wyatt v. State*, 23 S.W.3d 18, 23 n.5 (Tex. Crim. App. 2000).

As a result, the State argues that Taylor's point of error, which complains that his sentence was disproportionate to his community supervision violations, is meritless since he was not sentenced for those violations, but for his underlying offense.  We agree.

As for Taylor's ineffective assistance claim, "counsel is not deficient for failing to raise [a] meritless claim[]," and Taylor can show "no prejudice because he would not have prevailed on" that claim.  *Ex parte Covarrubias*, 665 S.W.3d 605, 623 (Tex. Crim. App. 2023) (orig. proceeding); *see Tutt v. State*, 940 S.W.2d 114, 118 (Tex. App.—Tyler 1996, pet. ref'd) ("[T]rial counsel is certainly not ineffective for failure to make meritless objections." (citing *Riles v. State*, 595 S.W.2d 858, 861 (Tex. Crim. App. 1980))).

Because we find Taylor's points of error meritless, we overrule them.

We affirm the trial court's judgment.

Scott E. Stevens
Chief Justice

Date Submitted: August 14, 2025
Date Decided: September 12, 2025

Do Not Publish

---

[an] Eight[h] Amendment claim at trial forfeits the claim for appellate review." *Ex parte Scott*, 541 S.W.3d 104, 118 n.14 (Tex. Crim. App. 2017) (orig. proceeding) (citing *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) ("The appellant never objected at trial concerning cruel and unusual punishment.")).